Jay H. Schmidt and Sidney Schmidt, Plaintiffs-Appellants, v. Herman Landfield, Defendant-Appellee.

**Gen. No. 47,709.**

First District, Second Division.

October 13, 1959.

Rehearing denied November 6, 1959.

Released for publication November 10, 1959.

George B. Collins, of Chicago, for plaintiffs-appellants.

Joseph Z. Willner, of Chicago, for defendant-appellee.

JUSTICE KILEY delivered the opinion of the court. This is a suit for damages for fraud and deceit and malpractice arising from an attorney-client, co-adventurer relationship in real estate. The trial court gave judgment on the pleadings (Sec. 45(5), C.P.A.) for defendant and plaintiffs have appealed.

The motion for judgment admitted the well-pleaded facts. Barrett v. Continental Ill. Nat. Bank & Trust Co. of Chicago, 2 Ill.App.2d 70. Defendant is a lawyer who in 1945 represented owners of real estate located on Ford Street and Cermak Road in Chicago. Plaintiff Sidney Schmidt and one Sarah Goldman acquired a mortgage on the property for $53,000. The same year the owners died and Schmidt, Goldman and defendant purchased the property. In 1948 they sold the property for $250,000 taking a purchase money mortgage, in part payment, for $187,000. Defendant

then made a contract with Schmidt and Goldman to manage the property and collect the mortgage payments for ten years upon a 5% commission basis. Jay Schmidt, also a plaintiff, acquired part of Sidney's mortgage interest.

In 1954 Jay and Sidney Schmidt, father and son, bought an interest in property at 801 N. Milwaukee Avenue with defendant. During the period from 1946 to 1954 the three parties had conferences about the mortgage and the Milwaukee Avenue property, and plaintiffs paid defendant for his services as attorney.

In 1955 the three parties were involved in a suit filed by Goldman in the Superior Court, Goldman v. Schmidt. In the process of litigation a settlement was reached whereby plaintiffs took "other property" owned by the parties and turned over their interest in the mortgage to defendant. At this time plaintiffs also executed a general release. The mortgagors subsequently defaulted and Goldman and defendant acquired the equity of the mortgagors.

The decisive question is whether the pleadings were sufficient, as a matter of law, to entitle defendant to judgment thereon. Brown v. Gill, 343 Ill. App. 460.

The substance of the charge in plaintiffs' pleadings is that defendant was a fiduciary charged with the responsibility of fair dealing in his relationship with plaintiffs and that he violated his duty by fraudulent misrepresentations about the $187,000 mortgage, which induced plaintiffs to execute the release and suffer financial loss. The alleged misrepresentation was that the mortgage security was only the leasehold whereas the mortgage covered the leasehold and a "large part" of the fee. The effect of this alleged false statement, say plaintiffs, created a notion of value below the true value of the mortgage without which erroneous idea they would neither have given over the mortgage in the settlement nor signed the

57

release in exchange for what they received under the settlement.

In the trial court defendant relied upon his answer including the release executed by plaintiffs, together with a copy of the proceedings before a Master in Chancery out of which the release arose, asserting that any cause of action the complaint attempts to allege had been fully settled. Plaintiffs replied to the answer that the release was acquired by fraudulent misrepresentation and that neither they nor their "then attorney" had any knowledge that the leasehold "was as it was" when the release was executed.

The record of the proceedings before the Master discloses that plaintiffs were represented by counsel of their own choosing, and not by defendant, when the release was executed.

■ This being so, we are convinced the trial court was right in deciding for defendant on the pleadings. An essential element of a cause of action for fraud is reliance by the victim on the tort-feasor's misrepresentation. Dillman v. Nadelhoffer, 119 Ill. 567. Concurrently, the law requires proper vigilance on the part of the person allegedly defrauded and requires him to use ordinary care in availing himself of the means of knowledge open to him. Dickinson v. Dickinson, 305 Ill. 521; Freeman v. Evans, 159 Fed. 26, 32 (1908). Plaintiffs argue that the tort occurred at the time the release was signed since this was the damaging instrument. In keeping with the requirement of the exercise of ordinary care, they had retained other counsel to represent their interests. By this act, it is clear that plaintiffs chose no longer to rely on the advice and counsel of defendant, but placed their interests in the hands of other counsel. Farnsworth v. Duffner, 142 U. S. 43 (1891); Freeman v. Evans, 159 Fed. 26 (1908). Assuming, as the trial court did on the motion for judgment on the plead-

58

ings, that defendant did misrepresent the security underlying the mortgage, it was the obligation of plaintiffs' attorneys at the time of settlement to protect their interests and to make full inquiry into the value of the mortgage and all other matters involved in the settlement before permitting plaintiffs to sign the release. Plaintiffs, neither in the trial court in pleadings nor in this court in briefs or argument, have successfully overcome this difficulty.

 The question is not whether plaintiffs were "thrown off guard" (Schwabacker v. Riddle, 99 Ill. 343, 346) or were deceived "from a total want of care" on their part, 99 Ill. at 348. Plaintiffs exercised reasonable care in having their own counsel at the settlement before the Master and to this extent do not come under the rule of Johnson v. Fulkerson, 12 Ill.2d 69, which would have required them to ascertain the truth before acting. Nor does Roda v. Berko, 401 Ill. 335, apply since the question is not whether plaintiffs were excused by defendant's "deliberate fraud" from ascertaining the truth. The question is whether plaintiffs can hold defendant for what appears to be the carelessness of their own attorneys, if the charges are true. We conclude that the defendant cannot be guilty of actionable fraud in obtaining the release executed by plaintiffs in proceedings before the Master where plaintiffs were represented by counsel of their own choosing and the alleged misrepresentations pertained to matters prudent counsel would ordinarily investigate before approving the settlement.

 We see no merit in plaintiffs' contention that notwithstanding the execution of the release, defendant was guilty of malpractice in failing to advise plaintiffs of the actual value of the property in question while the attorney-client relationship between them was still in existence. It is a fundamental rule that an attorney owes a client the utmost degree of

59

fidelity, honesty and good faith, and that he is responsible for any damage resulting from a breach of that duty. Olson v. North, 276 Ill. App. 457. It is true also that transactions between an attorney and client will be examined closely by the courts even after the confidential relationship has terminated where the influence from that relationship carries over. Youngquist v. Hunter, 227 Ill. App. 152. However, the plaintiffs concede that the damage, if any, resulting from the alleged malpractice arose from the settlement. Assuming, without deciding, that there was a breach of professional duty by defendant prior to the settlement, the alleged damage was due to the alleged fraudulent settlement, not the breach. The influence of defendant, as plaintiffs' attorney, did not carry over into the settlement since plaintiffs were then represented by counsel of their own choosing who would be responsible for any culpable failure in their professional duty.

Because we affirm the judgment on the pleadings, we do not reach the question of the propriety of the court's denial of the motion to strike the appearance of defendant's attorney because of a previous relationship as attorney for plaintiffs.

We need decide no other points raised.

Affirmed.

MURPHY, P. J. and LEWE, J., concur.