## Mrs. Ida Keirsey, Appellant, v. Dr. George R. McNeemer, Appellee.

1. LIMITATION OF ACTIONS, § 10*—*when declaration examined to determine which of two statutes applies.* In an action against a physician to recover for injury sustained by alleged unskilful treatment of plaintiff by defendant, the question as to what statute of limitation applies, whether Hurd's Rev. St., ch. 83, sec. 14 (J. & A. ¶ 7209), providing that actions, *inter alia,* for an injury to the person shall be commenced within two years next after the cause of action accrues, or section 15 of the same chapter (J. & A. ¶ 7210), providing that actions, *inter alia,* on unwritten contracts, expressed or implied, shall be commenced within five years of such time, is to be determined from an examination of the declaration, to see whether plaintiff sues for breach of contract or in tort for injuries without reference to the contract.

2. PHYSICIANS AND SURGEONS, § 18b*—*when declaration states cause of action for negligent and unskilful treatment.* In an action against a physician to recover for injury sustained by alleged unskilful treatment of plaintiff by defendant, a declaration alleging that defendant "so unskilfully and negligently conducted himself in that behalf, that by and through his want of skill and care and neglect" plaintiff's sickness was aggravated, causing the injury sought to be recovered for, *held* to state a cause of action for negligent and unskilful treatment by defendant, without relying on contract other than that implied by the law obliging physicians to use reasonable care and skill in treatment without reference to contract of hiring.

3. PHYSICIANS AND SURGEONS, § 17*—*what is nature of action.* Actions against physicians for malpractice and for negligent and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

unskilful treatment fall within the class of actions for personal injuries.

4. LIMITATION OF ACTIONS, § 4*—*how statute construed.* The words "all other civil actions not otherwise provided for" in Hurd's Rev. St., ch. 83, sec. 14 (J. & A. ¶ 7209), providing that certain actions be commenced within five years next after the cause of action accrues, include only actions *ejusdem generis* with "contracts expressed or implied, or on awards of arbitration, or for the recovery of damages done to property real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof," being the actions specifically included within the operation of the section.

5. LIMITATION OF ACTIONS, § 4*—*how statute construed relative to action against physician for negligent injuries.* An action against a physician to recover for injuries sustained as a result of unskilful and negligent treatment of plaintiff by defendant is not *ejusdem generis* with actions on "contracts expressed or implied," or on "awards of arbitration," or "for the recovery of damages done to property, real or personal," or "to recover the possession of personal property or damages for the detention or conversion thereof."

6. PHYSICIANS AND SURGEONS, § 18b*—*when demurrer to plea of statute of limitations properly overruled.* In an action against a physician to recover for injuries sustained as a result of alleged "want of skill and care and neglect" by defendant in treating plaintiff, a demurrer to a plea of Hurd's Rev. St., ch. 83, sec. 15 (J. & A. ¶ 7210), providing that actions, *inter alia,* for injury to the person shall be commenced within two years next after the cause of action accrues, *held* correctly overruled, and judgment thereon correctly entered.

McBRIDE, J., dissenting.

Appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

THOMAS H. SHERIDAN, for appellant.

REED GREEN, for appellee; ROBERT J. FOLONIE, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.
This is an action on the case, brought by appellant, plaintiff below, against appellee, defendant below, a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

physician and surgeon, to recover damages for failure to exercise ordinary skill and care as such in treating said plaintiff.

The only question involved in this case is whether or not actions of this character are barred by the Two-Year, or the Five-Year, Statute of Limitations.

The injury complained of occurred on or about the 20th day of May, 1910, more than two years prior to the bringing of said suit, which was instituted on the 30th day of January, 1913.

The declaration, omitting the formal part, is as follows: "Whereas, the defendant, before and at the time of committing the grievances hereinafter mentioned in the county aforesaid, was exercising the profession of a physician and surgeon, and the plaintiff, on May 20, 1910, and while the defendant was so exercising such profession, there retained and employed the defendant, as such physician and surgeon, for reward to attend and treat plaintiff for the cure of the plaintiff of a certain sickness and malady under which she was then and there suffering; and thereupon the defendant, as such physician and surgeon, then and there accepted such retainer and employment, and entered upon the treatment of the plaintiff in pursuance thereof, and continued such treatment for the space of four months. Yet, the defendant, not regarding his duty as such physician and surgeon, during that time there so unskilfully and negligently conducted himself in that behalf, that by and through his want of skill and care and neglect, the said sickness and malady of the plaintiff then and there became greatly increased and aggravated, and the plaintiff then and there underwent great and unnecessary anguish and distress, and became crippled for life and thereby permanently injured, and became and was greatly disordered, reduced and weakened in body and so remained for a long time, to-wit: hitherto, during all such time the plaintiff suffered great pain, and was hindered and prevented

from transacting her affairs and business; and also by means of the premises, the plaintiff has been obliged to pay, and has paid to divers other physicians and surgeons, divers sums of money amounting to $500.00, in and about endeavoring to be cured of her said sickness, malady and disorder; to the damage of the plaintiff of $5,000.00, etc.''

To which declaration the defendant entered a plea of not guilty and a plea setting up the Two-Year Statute of Limitations. To this latter plea the plaintiff filed a general demurrer which was overruled by the trial court, and, the plaintiff having elected to stand by her said demurrer, judgment was entered in bar of action and for costs.

It is insisted by appellant that said cause of action does not come under section 14, chapter 83 of Hurd's Revised Statutes (J. & A. ¶ 7209), but that it is governed by section 15 of said chapter (J. & A. ¶ 7210).

Said section 14 is as follows: ''Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued.''

Section 15 provides that: ''Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued.''

In order to determine which of said sections are applicable, it will be necessary to examine the declaration and determine from it whether or not the plaintiff is suing for an alleged breach of the contract, or whether she is suing in tort to recover for alleged injuries sustained by her without reference to contract.

An examination of the declaration discloses that the plaintiff is endeavoring to recover for injuries resulting from the alleged negligent and unskilful treatment accorded her, without relying on any contract, other than the contract which the law implies and which obliges a physician to use reasonable care and skill in the treatment of patients without reference to any contract of hiring.

The declaration charges that on account of the unskilful and negligent conduct and treatment, the malady of the plaintiff was greatly increased and aggravated and she became crippled for life and permanently injured, and was hindered and prevented thereby from transacting her affairs and business and was also obliged to pay out large sums of money to other physicians and surgeons in endeavoring to be treated and cured for said injuries.

Our Supreme Court, it seems, has not passed on this question, but we find a case very similar to this in the Appellate Court for the First District, being the case of *McKee v. Allen,* reported in 94 Appellate, page 147. Quoting from page 155 the court says: "This suit was begun May 15, 1898. But the summons then taken out was not put in the hands of the sheriff, nor was the declaration filed until January 9, 1899. The operation complained of was performed December 15, 1896, and it is contended that the *alias* summons, which was served on defendant, was not issued, nor was the declaration filed until a month and seven days after the bar of the statute had arisen. The argument is that the mere filing of the *precipe* and issue of a summons not placed in the hands of the sheriff 'is not such a commencement of the action as to arrest the bar of the statute.'

"If the suit was not begun until the second summons was issued and the declaration filed, then more than two years had elapsed since the cause of action arose."

This case by implication holds that this character

of case is barred if not brought within two years of the time the cause of action accrues. We think, too, that it will be found upon investigation that actions for malpractice and cases of this character have always been held to fall within the personal injury class as far back as Blackstone.

In volume 3, at page 122, Blackstone's Commentaries, among the class of injuries designated as injuries to the person, we find the following: "Injuries affecting a man's health or where by an unwholesome practice of another a man sustains an apparent damage in his vigor or constitution as   *   *   *   by neglect or unskilled management of his physician, surgeon or apothecary."

Section 15 of our statute on limitations nowhere provides anything with reference to cases of this character, unless it be held that they fall under the provision, "all other civil actions not otherwise provided for." However, we are of the opinion that under the doctrine of *ejusdem generis* that that provision would be held to apply only to contracts of the character particularly enumerated in said section, to wit: "Contracts, expressed or implied, or on awards of arbitration, or for the recovery of damages done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof," none of which said causes of action are in any wise similar to the action at bar.

On the other hand, we think that this action, being a tort action, easily falls under the head of actions for injury to the person as set forth in section 14, the sole basis of the recovery sought in this case being for injuries to the plaintiff caused by the alleged negligent conduct and treatment of the defendant, and for the damage that has accrued to her on account of money she had to expend in endeavoring to be healed of the injury which she claims resulted to her by reason of such negligent treatment.

If we are correct in this conclusion, the action of the lower court in overruling the demurrer and entering judgment was correct, and the judgment should be and is hereby affirmed.

*Affirmed.*

MR. JUSTICE McBRIDE dissents.