Lucille Brockie and Fred William Brockie, Her Husband, Plaintiffs-Appellants, v. State Farm Mutual Automobile Insurance Company, a Mutual Insurance Association, and H. H. Stolper, Individually and Doing Business as H. H. Stolper Insurance Agency, Defendants-Appellees.

Gen. No. 11,657.

Second District, Second Division.

January 29, 1963.

Irving Goodman, of Chicago, and Carl O. Bue, of Elmhurst, for appellants.

Meyers & Matthias, of Chicago, and Rathje, Woodward & Dyer Associates, of Wheaton (Donald L. Thompson, of counsel), for appellee.

SPIVEY, J.

Plaintiffs appeal from an order of the Circuit Court of DuPage County granting summary judgment in favor of the defendant, State Farm Mutual Automobile Insurance Company (hereafter called "State Farm") in an action against State Farm and H. H. Stolper for malicious prosecution. The trial court entered judgment in favor of State Farm and pursuant to section 50(2) of the Civil Practice Act (Ill Rev Stats 1961, c 110, § 50(2)) ruled that there was no reason to delay appeal insofar as the dismissal of State Farm was concerned.

Plaintiffs are husband and wife. Lucille Brockie was employed by H. H. Stolper, an agent of State Farm. The sufficiency of the complaint is not challenged but the allegations must be considered in reviewing the action of the trial court. The complaint alleges that

on and prior to November 5, 1956, Lucille Brockie enjoyed a good reputation in her community. They alleged that for many months prior to November 1, 1956, Lucille Brockie was employed by H. H. Stolper doing business as H. H. Stolper Insurance Agency in Elmhurst, Illinois. It was alleged that Stolper was an agent for the defendant State Farm and that State Farm knew, consented, acquiesced and permitted Stolper to institute a criminal action for embezzlement against Lucille Brockie and that the defendants conspired together to commit wrongful acts in charging Lucille Brockie with embezzlement. The plaintiffs claim that Lucille Brockie was falsely and maliciously charged with embezzlement on November 5, 1956 and that thereafter she was indicted and tried and acquitted of the charges. It was alleged that the charges were made without any reasonable or probable cause and that the defendants acted falsely and maliciously. Lucille Brockie claimed irreparable damage to her good name, financial, physical, and mental injuries and asked for damages. Fred William Brockie, her husband, claimed loss of consortium because of the injuries claimed to have been sustained by his wife and asked money damages.

State Farm in its answer denied all the material allegations of the complaint and attached to its answer, the State Farm agreement with H. H. Stolper. Under the terms of the agreement, Stolper was not authorized to act for State Farm in matters such as are raised in the instant complaint. Interrogatories were served upon the plaintiffs which attempted to define the scope of plaintiffs' claims. Thereafter, State Farm pursuant to Section 57 of the Civil Practice Act (Ill Rev Stats 1961, c 110, § 57) filed its motion for summary judgment, supported by affidavit of H. H. Stolper, which after reciting certain factual matters, contended that Stolper was only a soliciting agent for State Farm. The motion also alleged that the docu-

161

ments (the pleadings, affidavits, interrogatories and exhibits), showed that the charges made by the plaintiffs were false and untrue. The plaintiffs filed a motion to deny the motion of State Farm for summary judgment and in support thereof, filed the affidavit of Lucille Brockie wherein she stated under oath that Stolper acted as and represented himself to be a general agent. She further stated that she heard Stolper call State Farm and discuss the criminal action to be instituted against her. She also stated that Stolper took no action in connection with employees or civil or criminal actions without the consent of State Farm, and that State Farm consented to and approved the criminal action brought against her. Mrs. Brockie further alleged that she had retained Alfred Woodward to represent her in the criminal action but that Mr. Woodward subsequently advised her that he could not represent her in the criminal action instituted against her by Stolper and State Farm because he was the attorney for State Farm and that he (Woodward) had been advised that State Farm had an interest in the criminal action against her and that State Farm was his client. She further stated that Woodward stated that he could not represent her in defending the charges because the charges were instituted by Stolper acting on behalf of State Farm. A hearing was held on the motion for summary judgment and the court entered an order allowing the motion for summary judgment and dismissed State Farm as a party defendant.

We have not attempted to relate all the statements made in the pleadings, affidavits and agreements, but only sufficient portions of each to demonstrate that the order of the trial court allowing the motion for summary judgment must be reversed.

It is not the office of any court to weigh conflicting issues of fact on motion for summary judgment, but rather to determine if there is any issue of fact

to be decided by the jury or the appropriate trier of facts. "Summary judgment procedure is intended to avoid the expense and delay of a trial where there are no issues of fact, and such judgment can only be granted where there are no triable issues before the court." Printing Machinery Maintenance v. Carton Products, 15 Ill App2d 543, 147 NE2d 443. "If upon examination of the record it can be fairly said that there does exist a triable issue of fact then the motion for summary judgment should be denied." Ray v. City of Chicago, 19 Ill2d 593, 169 NE2d 73.

Regardless of the agreement between State Farm and Stolper, there is a sworn charge that State Farm and Stolper instituted the criminal action against Lucille Brockie as stated in the counter affidavit of Lucille Brockie. This is denied under oath and thus there is a triable issue of fact which both parties are entitled to have submitted to a jury.

"In a summary judgment proceeding, the right of the moving party should be free from doubt, and toward this end the supporting affidavits are to be construed most strongly against the movant and the whole record must be considered." Tuohey v. Yellow Cab Co., 33 Ill App2d 180, 180 NE2d 691. "Because of the drastic nature of summary judgment, however, we must be diligent in guarding against its use in any case involving a real question of fact." Solone v. Reck, 32 Ill App 2d 308, 177 NE2d 879.

Because there exists a real question of fact, the judgment of the Circuit Court of DuPage County is reversed and the cause remanded, with direction to deny the motion for summary judgment and for further proceedings.

Reversed and remanded.

WRIGHT, P. J. and CROW, J., concur.