Stanley Stawasz, Plaintiff-Appellee, Cross-Appellant, v. Aetna Insurance Company, a Corporation, and Publicker Chemical Corporation, a Corporation, Defendants-Appellants.

Gen. No. 68–3.

Second Judicial District.

September 25, 1968.

John W. Gilligan, and Peterson, Lowry, Rall, Barber & Ross, of Chicago, for appellants.

Allen S. Greene, of Wheaton, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendants, Aetna Insurance Company and Publicker Chemical Corporation, separately appeal from summary judgments entered against them.

Publicker operated a "tank farm," an industrial operation in which inflammable substances such as naphtha, alcohol, and ketones were blended into various products and shipped out in steel drums. Stawasz was a foreman for Publicker. An employee of Publicker had given a drum, which had contained a chemical shipment to Publicker, to one Morgan. Stawasz was not present on the day this was done and had not authorized it. The drum given to Morgan exploded at his home causing injuries which later resulted in his death.

The conservator of Morgan's estate, before his death, filed a suit against Publicker and Stawasz. Aetna, as the liability carrier for Publicker, entered a defense for both defendants, but as to defendant Stawasz, defended under a reservation of rights. However, this suit was voluntarily dismissed and, subsequently, a wrongful death was

instituted joining Publicker and various employees, including Stawasz, as defendants. The charges of negligence against both Publicker and Stawasz were essentially the same. Both were charged with negligence in the storage, handling, possession, labelling and transfer of possession of the drum without warning of the dangerous contents. Aetna's attorneys entered a defense for Publicker but not for Stawasz, and refused various tenders by the latter during the course of litigation. Stawasz defended by his personal attorney. The trial resulted in a damage judgment on a jury verdict against Publicker; with Stawasz being found not guilty.

Stawasz filed this suit to recover his expenses of defense from Aetna, later adding a second count against Publicker and asking the same relief. Stawasz also asked for relief against Publicker under section 41 of the Civil Practice Act charging unreasonable denial of allegations in the complaint. Publicker's motion to strike the complaint was denied. Thereupon issues were joined on Stawasz's motion for summary judgment, which the trial court granted as to both defendants and from which the defendants appeal. The court, however, denied the section 41 relief and plaintiff cross-appeals.

## THE CASE AGAINST AETNA

Plaintiff's theory against Aetna is that, although he is not a named insured, he is covered by the policy issued to his employer, Publicker, as a third-party beneficiary. Arguing from the premise that an employer is required to indemnify an employee for his cost of defense, plaintiff claims that the provisions of the employer's policy providing that the insurer shall pay all sums which the insured shall be legally obligated to pay, warrants recovery of his expenses of defense.

■■■■ The premise is false and unsupported by authority. Absent a contract between the employer and

employee to that effect, an employer has no obligation under the circumstances present here either to defend or to indemnify an employee charged with a negligent act whether charged jointly with his employer or not. No such contract of indemnity or agreement to provide a defense is present in this case. An employer may be liable jointly with the employee to a third person for the negligent acts of his employee while acting within the scope of the employment. But the indemnity runs in the opposite direction from the course charted by the plaintiff: the employer becomes liable under the doctrine of respondeat superior or agency for the negligent acts of his employee. Brill v. Davajon, 51 Ill App2d 445, 201 NE2d 253 (1964); and the employer, in turn, may seek to be indemnified by his employee for his loss for the reason that an employee owes to his employer the duty of exercising reasonable care in the performance of his duties. Bituminous Cas. Corp. v. American Fidelity & Casualty Co., 22 Ill App2d 26, 31, 32, 159 NE2d 7 (1959); Purple Swan Safety Coach Lines v. Egyptian Transp. Co., 256 Ill App 442, 444 (1930); Embree v. DeKalb Forge Co., 49 Ill App2d 85, 91–92, 199 NE2d 250 (1964). Stawasz, here, defended to disclaim his personal negligence, and in so doing was acting in his own interest; and, in establishing his freedom from negligence, was doing no more than that required of him as an employee.

The only obligation of Aetna is to the insureds defined in its policy. In order for plaintiff to come within those policy definitions, the record must show that he is, though an unnamed insured, within the terms extending coverage to "any executive officer, director, or stockholder" of the named insured. The motion and affidavits characterize Stawasz only as a "foreman." This allegation is insufficient to bring him within the policy, and it was error to grant summary judgment against Aetna on the pleadings with a material question of fact

remaining unanswered. Brockie v. State Farm Mut.
Automobile Ins. Co., 39 Ill App2d 159, 162–163, 187
NE2d 538 (1963).

We hold that the court erred in granting plaintiff's
motion for summary judgment against Aetna, and re-
mand for further proceedings in accordance with this
opinion.

## THE CASE AGAINST PUBLICKER

Stawasz's case against Publicker proceeds on the ad-
mittedly novel theory that since both the employer and
the employee were charged with the same wrongful con-
duct, and the employer was found at fault while the
employee was found free of fault, the employee is en-
titled to be indemnified for any expense he has been
put to because of the "primary" fault of the employer.

██ The fatal flaw in this argument is that no
possible act of Publicker placed Stawasz in a position
of liability. Stawasz was not found guilty of negligence,
which under any theory, could have allowed him to
place that burden on one more at fault. Stawasz incurred
no liability for any conduct of Publicker. The positions
are reversed, in fact. If Stawasz had been found to be
negligent, and Publicker then burdened with damages for
its derivative liability based on the fault of its employee,
Publicker could have secured indemnity from its em-
ployee. Bituminous Cas. Corp. v. American Fidelity &
Casualty Co., supra; Purple Swan Safety Coach Lines v.
Egyptian Transp. Co., supra; Embree v. DeKalb Forge
Co., supra. It, of course, could not logically be said that
Publicker would have to assume Stawasz's cost of defense
because the latter was an employee. Stawasz is liable for
his own misconduct—to others or to Publicker. If he is
wrongfully charged with negligence he must defend at his
own expense unless he has contracted with someone else

to assume such defense. No such contract is expressed or implied in the circumstances of this record.

We hold that the court erred in denying the motion to strike the complaint of Stawasz against Publicker and remand with directions to strike the complaint and dismiss this portion of the case with prejudice.

### THE CROSS-APPEAL

We further hold that the trial court properly refused to order sanctions under section 41.

Lastly, under the circumstances of the record we deny the motion of the cross-appellant, taken with the case, to require appellants to correct the record on appeal at appellants' expense.

Reversed and remanded with directions on the appeal of defendants; affirmed on the cross-appeal.

ABRAHAMSON, P. J. and MORAN, J., concur.