HELEN ALLEN, Plaintiff-Appellant, *v.* RAYMOND M. KOMAJDA, Defendant-Appellee.

(No. 52887;

First District—December 17, 1970.

*Rehearing denied January 15, 1971.*

Helen Allen, *pro se.*

Wildman, Harrold, Allen & Dixon, of Chicago, (Howard T. Brinton, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff brought suit for alleged medical malpractice. Defendant moved to strike the complaint and dismiss the cause on the grounds that the complaint failed to state a cause of action, failed to state specific acts of negligence, failed to allege plaintiff's due care and was not filed within the two year statute of limitations. The trial court granted defendant's motion and dismissed the suit and the plaintiff appealed.

Plaintiff represented herself both in the trial court and on the appeal. She charged "malpracticing [sic]" in that the defendant failed to give her the "mandatory required tests hospitalization for respiration (laborer breathing) [sic]" and gave her tranquilizers which produced side effects and "endocrinological complications." She contends that as a result of this "malpracticing," she lost her "insured work and free hospitalization," and hopes the court will order defendant to pay her $16,000. Her brief contains no legal argument but is merely a restatement, although more detailed, of the facts alleged in her complaint. She has also failed to file an abstract. We have had to look to the defendant's brief for a discussion of the issues.

Defendant argues that plaintiff's action was barred by the applicable statute of limitations, (Ill. Rev. Stat. 1969, ch. 83, par. 15, which provides as follows:

"Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued."

In her complaint the plaintiff alleges that in February 1964 the defendant

"refuse to give me the mandatory required tests [sic]." She says that defendant treated her with tranquilizers for nine weeks, but it is not clear that the treatments began in February. The only other date mentioned in the complaint is April 18, 1964, the day on which plaintiff states she was admitted to a hospital by a Dr. Mazur. The complaint was not filed until September 5, 1967, almost three and one-half years after the last date mentioned in the complaint.

██ The basis of an action for malpractice is tort rather than breach of contract (*Peters v. Howard*, 206 Ill.App. 610, 617-18), although where the breach of an express promise by the physician is alleged, the action may be in contract. (70 C.J.S. Physicians and Surgeons, § 57 (1951); *Stanley v. Chastek*, 34 Ill.App.2d 220, 180 N.E.2d 512.) In the *Stanley* case the ten year statute of limitations (Ill. Rev. Stat., ch. 83, par. 17) was held applicable to an action based on a written contract of an orthodontist to straighten teeth. If the action were based on the breach of an oral contract, the statute of limitations would be five years. (Ill. Rev. Stat. 1969, ch. 83, par. 16.) We have examined the complaint carefully in order to determine whether plaintiff's action is based on tort or contract. (*Keirsey v. McNeemer*, 197 Ill.App. 173, 176.) The plaintiff alleges "malpracticing" and "negligence." No facts are alleged in the complaint which would support an action based on contract.

██ The recent case of *Lipsey v. Michael Reese Hospital*, 46 Ill.2d 32, 40, 262 N.E.2d 450, 455, has established that in malpractice cases the statute begins to run at the time the injury is or reasonably should have been discovered. In the instant case the last date mentioned in the complaint is April 18, 1964, which plaintiff alleges is the date she was admitted to a hospital for tests by another doctor. Since no later date is alleged, we must assume that plaintiff had knowledge of the alleged malpractice by that date. The complaint was filed almost three and one-half years later and thus the action is barred by the two year statute of limitations and the judgment is accordingly affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.