GERALDINE   KIELMINSKI,   Plaintiff-Appellant,   *v.*   ST.   ANTHONY'S HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 77-1937

Opinion filed January 9, 1979.

Geraldine Kielminski, of Chicago, for appellant, *pro se.*

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Rudolf G. Schade, Jr., of counsel), for appellees.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

In this suit to recover for injuries from alleged medical malpractice, Geraldine Kielminski, plaintiff *pro se* both in the trial court and on appeal, filed her complaint on May 4, 1976. Plaintiff's cause of action was dismissed by the trial court on motions of defendant doctors and hospital because it was barred by the two-year statute of limitations for personal injury actions. (Ill. Rev. Stat. 1975, ch. 83, par. 15.) Subsequently, the trial

court denied plaintiff's motion to vacate the dismissal against the defendant physicians. Plaintiff has appealed from these orders. We affirm.

Plaintiff's complaint alleges that the hospital admitted her on April 22, 1974, on orders of Dr. Fred Tomera, a practitioner at defendant St. Anthony's Hospital, for observation and treatment of chest pains and difficulty in breathing; and that on that day, Dr. Peter R. Mociuk, radiologist for the hospital, had X rays taken, and reported the presence of chronic bronchial disease. The hospital, by Dr. Mociuk, and Dr. Tomera are charged with negligent failure to diagnose her illness, improper reading of her chest X ray of April 22, 1974, and failure to prescribe proper medication and treatment. The complaint also alleges that Dr. Tomera falsified reports of statements made to him by plaintiff in order to stifle any claims she had against a former employer; and that the hospital refused to forward the X rays taken on April 22, 1974, to the physician from whom plaintiff subsequently sought treatment.

Although not alleged in her complaint, in her brief filed with this court plaintiff states that she was admitted to Columbus Hospital in Chicago on May 18, 1975, and was treated by a lung specialist. It was on that date, she says, that she first learned of the alleged malpractice. Plaintiff claims that the negligent acts of defendants resulted in severe and permanent damage to her lungs. Two million dollars in general damages are claimed against all defendants, plus one million dollars in punitive damages against Dr. Tomera.

The first issue is whether the cause of action set forth in the complaint is barred by section 14 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 15), which requires that actions for personal injuries be commenced within two years after the cause of action has accrued. In medical malpractice cases, the cause of action accrues when the injured patient learns of the injury, or should have reasonably learned of it. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450, 455.) The burden of specifically pleading facts in the complaint showing that the action was brought within two years after the injury, or the date plaintiff reasonably could have learned of it, rested upon her. (*Cf. Auster v. Keck* (1976), 63 Ill. 2d 485, 487-88, 349 N.E.2d 20, 22; *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 887-88, 374 N.E.2d 670, 676; *Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 536, 371 N.E.2d 1060, 1063.) This standard applies equally to those represented by counsel and to a medical malpractice plaintiff who chooses to undertake the difficult task of prosecuting the complaint and appeal *pro se.* See, *e.g., Allen v. Komajda* (1970), 130 Ill. App. 2d 1018, 1019-20, 266 N.E.2d 456, 457-58.

No specific allegation in the complaint appears as to when plaintiff

knew, or reasonably could have discovered the alleged malpractice. The only date specified is April 22, 1974, when plaintiff was initially admitted to the defendant hospital, and in the absence of any other date pleaded as to knowledge, it is from this date that the two-year period begins to run. (*Allen v. Komajda* (1970), 130 Ill. App. 2d 1018, 1020, 266 N.E.2d 456, 457.) The instant complaint was filed on May 4, 1976, more than two years after the alleged malpractice had occurred, and the cause of action was, therefore, properly dismissed.

■ In her brief on appeal, plaintiff states that her cause of action accrued on May 18, 1975, the date of her admission to Columbus Hospital, which was inadvertently omitted from the complaint. She claims she attempted to amend her complaint to set forth the proper date, which was refused in the trial court, to which she ascribes reversible error. The record contains no motion to amend, no copy of the proposed amendment, no order indicating that such a motion was presented to the court, nor any ruling thereon. No report of proceedings or agreed statement of facts has been supplied, as required by Supreme Court Rule 323 (Ill. Rev. Stat. 1977, ch. 110A, par. 323). Nor does plaintiff's assertion that no court reporter was present excuse her failure to present evidence of the motion being presented and its content. Under Rule 323, it is an appellant's responsibility to insure that a report of the proceedings, in some form, or an agreed statement of facts is transmitted to the reviewing court. (*Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 720-21, 365 N.E.2d 115, 117.) A *pro se* appellant must also comply with this procedural requirement. *Biggs v. Spader* (1951), 411 Ill. 42, 46, 103 N.E.2d 104, 107, *cert. denied*, 343 U.S. 956, 96 L. Ed. 1356, 72 S. Ct. 1051 (1952); *Lill Coal Co. v. Bellario* (1975), 30 Ill. App. 3d 384, 385, 332 N.E.2d 485, 486.

Absent any indication in the record that a motion to amend the complaint was ever made or a proposed amendment was ever offered, this court cannot determine whether the trial judge abused his broad discretion to grant or deny amendments. (See *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 8, 280 N.E.2d 437, 441.) Accordingly, the judgment dismissing the cause of action must be affirmed.

Judgment affirmed.

STAMOS, P. J., and PERLIN, J., concur.