(No. 80-CC-0425–)

CARL W. GEHRKE, Claimant, *v.* THE STATE OF ILLINOIS *et al.,* Respondents.

*Order filed July 15, 1981.*

*Order on request to vacate dismissal filed Jan. 11, 1982.*

SHEARER, O'BRIEN, BLOOD, AGRELLA & BOOSE, for Claimant.

THOMAS, MAMER, HAUGHEY & MILLER, for Respondents.

POCH, J.

This cause coming to be heard on the motion of the Respondents to dismiss, due notice being given, the Claimant filing his objections thereto and the Court being fully advised;

Finds that section 22(g) of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22(g)), requires all

actions sounding in tort to be filed within two years "after it first accrues." An action in tort accrues when the elements of a cause of action are present. (*Austin v. House of Vision* (1968), 101 Ill. App. 2d 251, 256, 243 N.E.2d 297.) This action is analogous to a medical malpractice action, where in such an action the cause of action accrues when the person injured learns of the injury or should reasonably have learned of it. *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 37, 262 N.E.2d 450; cf. Ill. Rev. Stat. 1979, ch. 83, par. 22.1, and *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934.

In the instant case the Claimant does not refute the verified allegations of the Respondents that the Claimant was notified of the injury to the horse in question on either June 10 or 11, 1977. The only factual response made by Claimant to the motion to dismiss is an affidavit stating that he did not know "the nature and extent of the injury" to the horse until on or about October 23, 1977. The claim was not filed until October 15, 1979. The Claimant has the burden of proving he filed the action within 2 years after the injury or the date he reasonably could have learned of it. (*Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 386 N.E.2d 326.) The Claimant's failure to deny he knew of the injury to the horse on June 10 or 11, 1977, leaves the Court no choice but to find that he knew of the injury then even if he did not know of the nature and extent of it until October 23, 1977.

The failure of the plaintiff to commence his action within 2 years of the accrual of the action is a bar to the action.

It is hereby ordered:

269

That the motion of the Respondents to dismiss be, and the same is hereby granted and the claim is dismissed with prejudice.

## ORDER ON REQUEST TO VACATE DISMISSAL

POCH, J.

This matter was heard on oral argument at the request of Claimant to vacate the dismissal order of July 15, 1981, Respondents having filed its objections to the motion to vacate.

The Court finds that there are no factual or legal reasons to vacate the dismissal order of July 15, 1981.

It is hereby ordered that the petition of Claimant to vacate the dismissal order of July 15, 1981, be and the same is hereby denied.