**In re CONTINENTAL ILLINOIS SECURITIES LITIGATION.**

**No. 82 C 4712.**

United States District Court,
N.D. Illinois, E.D.

Jan. 3, 1985.

See also 572 F.Supp. 928, 572 F.Supp. 931.

Reuben L. Hedlund, Latham & Watkins, Chicago, Ill., for defendant John A. Redding.

MEMORANDUM OPINION

GRADY, District Judge.

This case is before the court on defendant John A. Redding's motion to dismiss Count I of plaintiff FDIC's first amended complaint. The motion raises three arguments. First, Redding asserts that Count I fails to state a claim because an action against a corporate officer for the negligent performance of employment duties sounds in contract, not tort. Second, Redding contends that in any event the FDIC's tort action is barred by *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982), since it seeks recovery for purely economic losses. Redding's final argument is that the FDIC lacks standing to sue him for negligence because the Bank's purported assignment of its claim against Redding was defective. I will address these arguments separately.

**I. Is The FDIC Limited To A Contract Action?**

Redding contends that inasmuch as the FDIC's action against him is based on the negligent performance of employment duties, the action is one for breach of contract and may not be brought in tort. I disagree. Every employment relationship arises out of a contract, and therefore the logical extension of Redding's argument would be that no employer can ever sue an employee for negligence. In Illinois, however, "an employee owes to his employer the duty of exercising reasonable care in the performance of his [employment]

duties." *Stawasz v. Aetna Insurance Company*, 99 Ill.App.2d 131, 240 N.E.2d 702, 704 (2d Dist.1968). When an employee negligently performs his duties, the employer may sue to recover for damages caused by the negligence. *Id.* *See also* 3A W. Fletcher, Cyclopedia Of The Law Of Corporations § 1029 (Perm.Ed.1984) ("The liability of ... [corporate] officers ... is not limited to [actions for] breaches of trust ... but extends also to negligence.") Since I find nothing in the Illinois case law which suggests that the FDIC should be limited to a contractual remedy, I reject Redding's argument that the FDIC's negligence allegations fail to state a claim upon which relief could be granted.[1]

## II. Does The Moorman Doctrine Bar Plaintiff's Action?

■ Redding next argues that the decision of the Illinois Supreme Court in *Moorman, supra,* bars all negligence actions which seek to recover purely economic losses, and therefore precludes the FDIC from pursuing this tort claim. Once again, I disagree. The *Moorman* case involved damages caused by a defective product. Although *Moorman* contains some broad language which would appear to support Redding's position, my reading of the opinion indicates that in reaching its decision, the Court was motivated primarily by a desire to avoid infringing on the Uniform Commercial Code ("UCC") in defective products cases. The Court emphasized time and again that the UCC provided the proper framework for recovery of economic losses in such cases, and concluded: "When the defect is of a qualitative nature and the

harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, provides the appropriate set of rules for recovery." *Id.* at 88, 435 N.E.2d at 451.

Given the Court's focus on the defective products area, and the opinion's repeated references to and utilization of examples involving the UCC, warranty law, and consumer expectations, it seems clear that *Moorman* itself does not bar this negligence action, which has nothing to do with the sale or use of defective products, the UCC or the disappointed expectations of a consumer.[2] Accordingly, Redding's second argument is rejected.

## III. Did The Assignment Give The FDIC Standing To Pursue This Action Against Redding?

Finally, Redding argues that the Bank's assignment to the FDIC of Count V of the prior derivative action was insufficient to afford the FDIC standing to pursue this claim. Specifically, Redding points out that before the assignment was made, this court dismissed Count V against Redding for failure to state a claim. *See* Order of April 2, 1984. According to Redding, therefore, there was simply no claim to be taken by the assignee. The FDIC responds that Section 6.1 of the Assignment expressly encompassed "any or all claims" the Bank may have had as of the commencement date, and thus included the negligence claim now asserted against Redding.

---

1. The proposition that a tort duty may have its genesis in a contractual relationship is not a startling one. In the area of medical malpractice, for example, injured plaintiffs sue defendants in tort for damages caused by the negligent performance of obligations which initially arose in contract. *See, e.g., Nichelson v. Curtis,* 117 Ill.App.3d 100, 72 Ill.Dec. 630, 452 N.E.2d 883, 885 (4th Dist.1983); *Allen v. Komajda,* 130 Ill. App.2d 1018, 266 N.E.2d 456, 457 (1st Dist. 1970).

2. As defendant points out, some lower state courts and at least one federal district court have extended *Moorman* beyond the defective

products area. *See* cases cited in Defendant's Memorandum, at 3–12. Based on the discussion above, I question whether the Illinois Supreme Court would endorse this extension. In any event, none of the state court decisions that have expanded *Moorman's* reach involve negligence actions grounded on an employment relationship, and I decline to follow the one federal district court decision that does appear to extend *Moorman* to such actions. If *Moorman* is to be expanded this far, the expansion should be made not by a federal district court, but by the Illinois Supreme Court.

I am inclined to agree with the FDIC that the language of Section 6.1 is sufficiently broad to encompass this cause of action. But I am unable to say that Redding's point is entirely lacking in nuisance value. Accordingly, in order to avoid needless uncertainty over this detail, I believe the Bank and the FDIC would be well-advised to execute another assignment of the claim, and to amend the complaint to reflect the new assignment. Leave is granted to amend within the next 30 days.

## CONCLUSION

For the reasons stated above, the motion to dismiss is denied, except that the FDIC should obtain a new assignment of the claim against Redding and the other bank employee defendants.[3]

---

**3.** In his brief, Redding additionally moves to strike the FDIC's prayer for punitive damages since allegations of mere negligence are insufficient to support an award of such relief. *See* Defendant's Memorandum, at 2–3 n. 2. I would be inclined to grant this motion for the reasons set forth in defendant's memorandum. When Redding presented his motion to dismiss, however, I promised the FDIC an opportunity to brief any issues which might have merit. Inasmuch as the FDIC's letter responses to Redding's brief have not addressed this particular issue, the FDIC has until January 17, 1985, to file a brief on the point. Redding may have until January 25, 1985, to file a reply. The matter will then be taken under advisement.