DAVID P. KRAUSE, JR., by and through his Mother and Next Friend, Diana Krause, *et al.*, Plaintiffs-Appellants, v. DU PONT PHARMACEUTICALS, INC., d/b/a Du Pont De Nemours Pharmaceutical Company, Inc., Defendant-Appellee (Oliver C. Anderson Hospital *et al.*, Defendants).

Fifth District   No. 5—91—0278

Opinion filed November 19, 1992.

Drew C. Baebler, of Schlichter Law Associates, of Fairview Heights, for appellants.

Robert A. Downing, Eugene A. Schoon, and Amy D. Mayber, all of Sidley & Austin, of Chicago, and Kenneth W. Bean, of Sandberg, Phoenix & Von Gontard, of St. Louis, Missouri, for appellee.

JUSTICE H. LEWIS delivered the opinion of the court:

In December of 1989 a complaint was filed in the circuit court of Madison County on behalf of David Paul Krause, Jr., by his mother and next friend, Diana Krause, and by Diana Krause individually against various defendants, including Du Pont Pharmaceuticals, Inc. (Du Pont). The trial court granted Du Pont's motion to dismiss the count brought by Diana Krause individually against that defendant. In this appeal we are not concerned with any of the several other counts of the complaint. The trial court found that the action against Du Pont was barred by the statute of limitations and dismissed the claim against Du Pont in this litigation. The trial court found there was no just reason for delaying enforcement or appeal. A timely notice of appeal was filed pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The only question before this court is whether the circuit court properly dismissed the plaintiff's December 1989 claim against Du Pont as time barred.

The court considered the complaint, as amended, the motion to dismiss with attached exhibits, affidavits and documentation, and memoranda furnished by counsel. The defendants filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure

(Ill. Rev. Stat. 1991, ch. 110, par. 2—619), which states in pertinent part:

> "Involuntary dismissal based upon certain defects or defenses. (a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
> * * *
>
> (5) That the action was not commenced within the time limited by law.
>
> * * *
>
> (c) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time."

The applicable statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—213(d)) provides in relevant part:

> "Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred."

The plaintiff contends on appeal that her cause of action against Du Pont is not barred by the statute of limitations and the trial court should not have dismissed count II for that reason.

David P. Krause, Jr., was born on December 6, 1981, and suit was filed in December of 1989. Count II of Diana Krause's initial complaint was dismissed on the grounds that she had not properly pleaded facts invoking the "discovery rule" of section 13—213(d). In

an effort to comply with this rule, the plaintiff alleged the following in her second amended complaint:

"7. Diana Krause did not know and could not have reasonably discovered that David P. Krause, Jr. suffered from Coumadin related symptoms and defects prior to two years before this lawsuit was filed. Specifically, Diana Krause was never told by any doctors that David P. Krause, Jr.'s problems were caused by Coumadin; Diana Krause had no medical training that would have allowed her to come to this conclusion on her own; Diana Krause had not reviewed any medical records from David P. Krause, Jr.'s treatment that could have indicated to her that her son's condition was caused from Coumadin. As a result, Diana Krause had no reason to be suspicious that David Krause's problems were caused by Coumadin and had no way to independently discovery [sic] that her son's problems were Coumadin related prior to two years before this lawsuit was filed. Further, DuPont never informed Diana Krause of the problems associated with Coumadin taken during pregnancy."

It appears from the record that Diana became pregnant in 1981 and that prior thereto in February of 1981 Dr. Greaves had treated her for blood clots in her legs by prescribing Coumadin. Dr. Greaves told Diana not to become pregnant and to stop taking Coumadin if she became pregnant. In June or July of 1981 Diana suspected that she was pregnant and stated that she had stopped taking Coumadin "right then." Her pregnancy was confirmed by Dr. Petroff. Dr. Greaves wrote her a letter in July of 1981 in which he told her that if she was pregnant, she should not take Coumadin.

On December 6, 1981, Diana gave birth to David, who, according to his mother, had problems immediately. He was born prematurely by breech delivery and suffered from birth trauma and blood clots as well as respiratory and numerous other problems, including cerebral palsy and the need for a heart shunt. He developed unusual features commonly associated with the mother's ingestion of Coumadin during pregnancy.

In 1984 or 1985 Diana was again treated for blood clots and resumed taking Coumadin. While in the hospital during this illness, she was given two Du Pont pamphlets regarding Coumadin, which she retained. She stated that she had read the pamphlets but that she had not been concerned about the contents because she could no longer become pregnant. According to her testimony, the pamphlets made her think it was dangerous to take Coumadin during

pregnancy. She further testified that no one, including her doctor or personnel of Cardinal Glennon Hospital, specifically told her that the child's problems at birth might have been caused by Coumadin. The medical records of her child documented suspected Coumadin-related malformations. However, she never had access to these records and did not examine them.

In *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869, the court stated:

> "The statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused. At that point the burden is upon the injured person to inquire further as to the existence of a cause of action. (*United States v. Kubrick* (1979), 444 U.S. 111, 62 L. Ed. 2d 259, 100 S. Ct. 352; *Urchel v. Holy Cross Hospital* (1980), 82 Ill. App. 3d 1050, 1052-53; *Gaudynski v. Corbett* (1980), 81 Ill. App. 3d 910, 913-14; *Ikenn v. Northwestern Memorial Hospital* (1979), 73 Ill. App. 3d 694, 699; *Greenock v. Rush Presbyterian St. Luke's Medical Center* (1978), 65 Ill. App. 3d 266.) In many, if not most, cases the time at which an injured party knows or reasonably should have known both of his injury and that it was wrongfully caused will be a disputed question to be resolved by the finder of fact. (*Lipsey* [*v. Michael Reese Hospital* (1970), 46 Ill. 2d 32].) Where it is apparent from the undisputed facts, however, that only one conclusion can be drawn, the question becomes one for the court. *Berry* [*v. G.D. Searle & Co.* (1974), 56 Ill. 2d 548]." *Witherell*, 85 Ill. 2d at 156, 421 N.E.2d at 1214.

Further, in *Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 523 N.E.2d 1208, the court observed:

> "The time when a plaintiff knew or should have known of her injury and its wrongful causation is ordinarily a question for the trier of fact, though where it is apparent from the undisputed facts that only one conclusion can be drawn, it is a question for the court. (*Witherell*, 85 Ill. 2d at 156, 421 N.E.2d at 874; *Blair v. Blondis* (1987), 160 Ill. App. 3d 184, 189, 513 N.E.2d 157, 160.) When a defendant raises a statute-of-limitations issue, a plaintiff must set forth facts sufficient to avoid the statute's effect. (*Cuerton v. American Hospital Supply Corp.* (1985), 136 Ill. App. 3d 231, 237, 483 N.E.2d 187, 191.) A plaintiff has a burden of specifically pleading facts showing that the action was brought within

the limitation period. (*Zagar v. Health & Hospitals Governing Comm'n* (1980), 83 Ill. App. 3d 894, 897, 404 N.E.2d 496, 499; *Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 408, 386 N.E.2d 326, 327.) When a plaintiff seeks to avail herself of the discovery-rule exception to an otherwise applicable limitation period, she has the burden of proving the date of discovery. *Blair v. Blondis* (1987), 160 Ill. App. 3d 184, 188, 513 N.E.2d 157, 159." *Ruklick v. Julius Schmid, Inc.*, 169 Ill. App. 3d at 1107-08, 523 N.E.2d at 1214.

In its order of February 20, 1991, dismissing the count against Du Pont, the trial court said in part:

"The undisputed evidence shows that in 1984 or 1985 Diana Krause was hospitalized for blood clots and was given Coumadin. During that hospitalization she was given two Du-Pont pamphlets on Coumadin which she testified that she read when she got them. Both of the pamphlets which plaintiff read contained language which warned that Coumadin should not be taken during pregnancy and that it might adversely affect the unborn child. The booklet made her conclude that it was dangerous to take Coumadin when you are pregnant. While this information by itself might not be sufficient to put her on notice concerning the cause of her son Paul's problems, the information in question did not come to her in a vacuum.

At the time Diana Krause received the above information concerning Coumadin in 1984 or 1985, she was already in possession of significant facts. She knew she had taken Coumadin previously; she knew from Dr. Greaves that she should stop taking Coumadin if she became pregnant; she had stopped taking it when she suspected she was pregnant in early 1981; she had received a letter from Dr. Greaves in July, 1981, telling her to stop taking Coumadin if she was pregnant; and her son Paul, who was born of the 1981 pregnancy, had problems right from the start."

■ We agree. In the instant case the evidence was uncontradicted that Diana had been warned in 1981, before becoming pregnant, not to become pregnant and to stop taking Coumadin if she did so. She believed that she should stop taking the drug as soon as she suspected she was pregnant. She received a letter from her doctor telling her to stop taking Coumadin. Furthermore, her son was born in 1981 with significant birth defects. Later she took

Coumadin again for the treatment of blood clots and received and read pamphlets stating that taking Coumadin during pregnancy could adversely affect an unborn child. Diana acknowledged having read these warnings and said that they had caught her attention. It is also uncontradicted that neither the doctors nor Du Pont actually told her that the injuries to her son were caused by Coumadin.

The discovery rule as applied to this action means the cause of action does not accrue in the sense of triggering the statute of limitations until a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused. *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Blair v. Blondis* (1987), 160 Ill. App. 3d 184, 513 N.E.2d 157.

. We find that, at the very latest, the statute of limitations began to run in either 1984 or 1985. Thus, as a consequence of the plaintiff's failure to file her action until December 1989, her cause of action was time barred.

Further, the plaintiff has the burden of proving the date of discovery when seeking to come within the "discovery" exception to the statute of limitations. (*Society of Mount Carmel v. Fox* (1980), 90 Ill. App. 3d 537, 413 N.E.2d 480.) This record reveals no effort by plaintiff to do so. She argues that on a motion to dismiss the question of discovery is an issue of fact and should be decided not by the court but by a jury. As the trial court did, we find it apparent from the undisputed facts that only one conclusion can be drawn; hence, the question is one for the court. (*Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 523 N.E.2d 1208; see also *Witherell*, 85 Ill. 2d at 156, 421 N.E.2d at 874.) In our judgment the trial court's action in dismissing plaintiff's cause against Du Pont was proper.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

CHAPMAN and W.A. LEWIS, JJ., concur.