LAWRENCE B. METRICK *et al.*, Plaintiffs-Appellants, v. JAMES CHATZ *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—1358

Opinion filed August 18, 1994.

Thomas & Konewko, Ltd., of Glen Ellyn (Michael J. Davis, of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (Robert J. Pugliese, Hugh C. Griffin, and Nancy Shaw, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

On January 31, 1990, the plaintiffs filed the instant action in the circuit court of Cook County against various attorneys and law firms seeking to recover damages allegedly sustained as a consequence of the legal representation afforded to them prior to and during a bankruptcy proceeding. After amending their complaint, the plaintiffs'

filed a 17-count second-amended complaint on September 4, 1990. Counts I through IV of the complaint alleged actions against the defendant John Schwartz, counts V through VIII alleged actions against the defendant Norman B. Newman, counts IX through XII alleged actions against the defendant James Chatz, counts XIII through XV alleged actions against the defendant Lord, Bissell & Brook, and counts XVI and XVII alleged actions against the defendant Much, Shelist, Freed, Denenberg, Ament & Eiger.

Although prolix, the complaint can be divided according to the legal theories upon which the plaintiffs sought recovery. Counts I, V, IX, and XIII alleged negligence for the defendants' failure to disclose certain information to the plaintiffs relating to the financial consequences of seeking relief from their creditors under chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 *et seq.* (1988)), as opposed to chapter 7 of the Code (11 U.S.C. § 701 *et seq.* (1988)). Counts II, IV, X, XIV, and XVI charge that the defendants were negligent in advising the plaintiffs to continue seeking relief under chapter 11 instead of converting their bankruptcy to a chapter 7 proceeding. Counts III, VII, XI, XV, and XVII charge that the defendants breached their fiduciary duties to the plaintiffs by failing to disclose information relating to the consequences of a chapter 11 proceeding and failing to advise the plaintiffs to convert their bankruptcy to a chapter 7 proceeding. Counts IV, VIII, and XII alleged fraud.

All of the defendants moved to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992)), for failing to state causes of action against them. While the defendants' motions to dismiss were pending, the plaintiffs voluntarily dismissed counts I, II, III, IV, VIII, and XII under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1009 (now 735 ILCS 5/2—1009 (West 1992))). On February 6, 1991, upon hearing the defendants' motions as directed to the remaining 11 counts of the complaint, the trial court entered an order dismissing each remaining count for failure to state a cause of action. On March 21, 1991, the trial court denied the plaintiffs' motion to reconsider and the plaintiffs filed this appeal.

For the reasons which follow, we affirm the dismissal of counts V, VII, IX, XI, XIII, XV, and XVII, and reverse the dismissal of counts VI, X, XIV, and XVI.

Because this matter was disposed of at the trial level upon the defendants' motions to dismiss pursuant to section 2—615, the only question before this court is whether the dismissed counts state causes of action upon which relief can be granted. (*Burdinie v. Village*

*of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654; *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) The issue presented is one of law; consequently, our review is *de novo*, which is independent of the reasoning of the trial court on the question. *T&S Signs, Inc. v. Village of Wadsworth* (1994), 261 Ill. App. 3d 1080, 634 N.E.2d 306.

For ease of analysis, we have grouped the dismissed counts according to their legal theories: counts V, IX, and XIII will be referred to as the "failure to disclose" counts; counts VI, X, XIV, and XVI will be referred to as the "negligent advice" counts; and counts VII, XI, XV, and XVII will be referred to as the "breach of fiduciary" counts. We will address the propriety of the dismissal of each group separately.

■ To plead a good and sufficient cause of action against an attorney for legal malpractice, a plaintiff must allege facts, which establish (1) an attorney/client relationship, (2) a duty owed by the defendant to the plaintiff arising out of that relationship, (3) a breach of that duty on the part of the defendant, (4) a proximate causal relationship between the defendant's breach of duty and the damages sustained by the plaintiff, and (5) damages. (*Claire Associates v. Pontikes* (1986), 151 Ill. App. 3d 116, 502 N.E.2d 1186.) As stated earlier, the question of whether a good and sufficient cause of action has been pled is one of law; but the question of whether an attorney-defendant has breached a duty of care owed to the client-plaintiff is a question of fact for the trier of fact to resolve. *Shanley v. Barnett* (1988), 168 Ill. App. 3d 799, 523 N.E.2d 60.

The failure to disclose counts in the plaintiffs' complaint allege that the defendants never disclosed, advised of, or mentioned the following facts: (1) that if the plaintiffs pursued remedies under chapter 7 of the Bankruptcy Code instead of chapter 11, they would not be required to pay their unsecured creditors the amounts proposed in the chapter 11 reorganization plan; (2) that under a chapter 7 liquidation, any deficit owed to the secured creditors after foreclosure on their collateral would become unsecured debt limited to being paid from the bankruptcy estate without additional contribution from the plaintiffs; (3) that the creditors would be unlikely to pursue a liquidation of the plaintiffs' home and commercial building due to a lack of equity; (4) that under a chapter 11 proceeding, the unsecured creditors would be paid 50 cents on a dollar, whereas under a chapter 7 liquidation, the unsecured creditors would receive much less and the plaintiffs would not be required to make any payments to them; and (5) that if their bankruptcy were converted into a chapter 7 liquidation, the plaintiffs could file an administrative

claim for all post-petition advances made by them. However, attached as an exhibit to the complaint and incorporated into each count thereof is a document entitled "Disclosure Statement, As Modified" which bears the signature of both of the plaintiffs. This document was filed in the plaintiffs' bankruptcy proceeding. Suffice it to say that each fact the plaintiffs claim was not disclosed to them, discussed with them, or mentioned to them is set forth with painstaking detail in that exhibit which they signed.

■ Exhibits are a part of the complaint to which they are attached and, absent some explanation, the factual matters contained within an exhibit serve to negate inconsistent allegations of fact contained within the body of the complaint. (*Goldstein v. Lustig* (1987), 154 Ill. App. 3d 595, 507 N.E.2d 164; *Village of Wheeling v. Stavros* (1980), 89 Ill. App. 3d 450, 411 N.E.2d 1067; *Sharkey v. Snow* (1973), 13 Ill. App. 3d 448, 300 N.E.2d 279.) Both of the plaintiffs signed the document which is attached to their complaint as an exhibit and the complaint is devoid of any allegation explaining why the plaintiffs did not or could not have known of the disclosures contained therein. Therefore, absent some explanation in their complaint to the contrary, the plaintiffs must be charged with knowledge of the contents of a document which they signed. (See *Dickinson v. Dickinson* (1922), 305 Ill. 521, 137 N.E. 468.) Because the exhibit attached to the complaint belies the allegations upon which the plaintiffs' failure to disclose counts are premised rendering those counts duplicative of the plaintiffs' negligent advice counts, the trial court properly dismissed counts V, IX, and XIII of the plaintiffs' second-amended complaint.

An additional basis for affirming the dismissal of the failure to disclose counts is the total absence of any allegation that the plaintiffs would have chosen to convert their bankruptcy into a chapter 7 liquidation if they had been informed of the financial consequences of continuing to pursue relief under a chapter 11 reorganization. It is the duty of every attorney to inform a client of the available options for alternative legal solutions, as well as to explain the foreseeable risks and benefits of each. The purpose of such a rule is to enable the client to make an informed decision as to whether the foreseeable risks of a proposed legal course of action are justified by its potential benefits when compared to other alternative courses of action. If a client suffers damage because of the happening of a foreseeable risk of which he or she was not informed, the attorney may be liable. In such a case, the attorney's liability is not predicated upon the impropriety of the chosen course of action, but rather upon the failure to inform the client sufficiently to enable him or her to

voluntarily accept the risk attendant thereto. This proposition is nothing more than an application of the long-standing rule pertinent to a cause of action for medical negligence premised upon a lack of informed consent. See *Green v. Hussey* (1970), 127 Ill. App. 2d 174, 262 N.E.2d 156.

However, damages in a legal negligence action are never presumed. Even if negligence on the part of the attorney is established, no action will lie against the attorney unless that negligence proximately causes damage to the client. (*Sheetz v. Morgan* (1981), 98 Ill. App. 3d 794, 424 N.E.2d 867; *Chicago Red Top Cab Association, Inc. v. Gaines* (1977), 49 Ill. App. 3d 332, 364 N.E.2d 328.) It is the plaintiff's burden to plead facts which, if true, establish a proximate causal relationship between the negligence of the attorney and the damages alleged to have been suffered as a consequence thereof. If the plaintiffs in this case would have chosen to continue their chapter 11 reorganization and not convert to a chapter 7 liquidation even after being informed of the financial consequences, the alleged failure on the part of the defendants to disclose those financial consequences would have no proximate causal relationship to any damages suffered by the plaintiffs. Because counts V, IX, and XIII lack any allegation that the plaintiffs would have elected to convert their bankruptcy to a chapter 7 liquidation had they been informed of the financial consequences of continuing their chapter 11 proceeding, the counts fail to plead facts supporting the element of proximate cause, and, as such, fail to state causes of action.

In their negligent advice counts, the plaintiffs allege that their purpose in seeking relief under chapter 11 in the first instance was to retain ownership of a certain farm and generate income therefrom to pay their creditors. The plaintiffs contend that when the farm was taken by a secured creditor, the entire purpose for seeking relief under chapter 11 was defeated and it was at this point that the defendants should have advised them to convert to a chapter 7 liquidation. In failing to so advise them, the plaintiffs contend that the defendants failed to exercise the reasonable degree of care and skill required of an attorney representing a client pursuing relief in bankruptcy. The plaintiffs further allege that but for the defendants' advice to continue in a chapter 11 proceeding they would not have suffered some $850,000 in damages. We view these counts differently than the plaintiffs' failure to disclose counts on the sufficiency of their proximate cause allegations.

As stated earlier, an attorney's liability for failing to advise a client of the foreseeable risks attendant to a given course of legal action is not predicated upon the impropriety of the recommended course of

action; rather, it is predicated upon the client's exposure to a risk that the client did not knowingly and voluntarily assume. Consequently, to establish the element of proximate cause, it is necessary for the client to both plead and prove that had the undisclosed risk been known, he or she would not have accepted the risk and consented to the recommended course of action. Such is not the case, however, when the course of action the attorney recommends is in itself improper under the circumstances presented. If an attorney's advice falls below the standard of reasonable legal services, any damages which proximately flow from the client's acceptance of that advice are recoverable in a negligence action against the attorney.

■ The gist of the plaintiffs' negligent advice counts is not that the defendants failed to disclose the financial consequences of continuing to pursue relief under chapter 11, but rather, that no competent attorney would have advised them to continue in a chapter 11 proceeding after their farm was taken by a secured creditor. Whether the plaintiffs can prove these allegations is a question of fact for the trier of fact to decide. (*Schmidt v. Hinshaw, Culbertson, Moelmann, Hoban & Fuller* (1979), 75 Ill. App. 3d 516, 394 N.E.2d 559.) But to require the plaintiffs to additionally plead that they would not have followed their attorneys' advice had they known that it was erroneous and would subject them to financial damage would be to require the pleading of the only inference that can reasonably be drawn from the facts already pled. Because the plaintiffs were entitled to all reasonable inferences that could be drawn from the facts alleged in their complaint (*Your Style Publications, Inc. v. Mid Town Bank & Trust Co.* (1986), 150 Ill. App. 3d 421, 501 N.E.2d 805), we believe that they pled sufficient facts to satisfy the proximate cause element of their negligent advice counts. After examining counts VI, X, XIV, and XVI of the plaintiffs' complaint, taking all well-pled facts as true (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 428 N.E.2d 478), and drawing all reasonable inferences from those facts which are favorable to the plaintiffs, we believe that each of these counts states a good and sufficient cause of action upon which relief can be granted and that the trial court erred in ordering their dismissal.

■ Although the plaintiffs' notice of appeal encompasses the dismissal of their breach of fiduciary counts, they have not addressed the propriety of this portion of the trial court's order in their briefs on appeal. For this reason alone, the dismissal of these counts should be affirmed because issues not raised or argued before the appellate court are deemed waived. (134 Ill. 2d R. 341(e)(7); *Meyers v. Kissner* (1992), 149 Ill. 2d 1, 594 N.E.2d 336.) However, even if the issue were

not waived, we would still affirm the dismissal of counts VII, XI, XV, and XVII.

The factual allegations in the plaintiffs' breach of fiduciary counts do nothing more than mirror the allegations of their negligence counts. No facts are alleged which imply that the defendants were unfaithful to the plaintiffs, that they were dishonest, that they acted in bad faith, that they had a conflict of interest, or that they engaged in self-dealing. The fiduciary duty owed by an attorney to a client encompasses the obligations of fidelity, honesty, and good faith. (*Christison v. Jones* (1980), 83 Ill. App. 3d 334, 405 N.E.2d 8; *Schmidt v. Landfield* (1959), 23 Ill. App. 2d 55, 161 N.E.2d 702, *aff'd* (1960), 20 Ill. 2d 89, 169 N.E.2d 229.) While it can be argued that all breaches of fiduciary duty on the part of an attorney amount to legal malpractice, we are unwilling to concede that all negligence on the part of an attorney in the rendition of legal services rises to the level of a breach of fiduciary duty. Attorneys, like all other professionals, are cursed with the mortal attribute of fallibility and at times they will make errors which render them liable to their clients for the resulting damages, but mere negligence is a far cry from a breach of fiduciary duty. Because there are no allegations in the plaintiffs' breach of fiduciary counts which even remotely suggest that the defendants breached their fiduciary duties to the plaintiffs, counts VII, XI, XV, and XVII fail to state causes of action and were properly dismissed.

Affirmed in part; reversed in part and remanded.

JOHNSON and THEIS, JJ., concur.