**In re EDGEWATER MEDICAL CENTER, Debtor.**

**Edgewater Medical Center, Plaintiff,**

**v.**

**Peter Rogan, Braddock Management L.P., a California Limited Partnership, Bainbridge Management L.P., an Illinois Limited Partnership, Bainbridge Management, Inc., an Illinois Corporation, Defendants.**

Bankruptcy No. 02 B 7378.
Adversary No. 04 A 2327.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 29, 2006.

Scott T. Mendeloff, Gabriel Aizenberg, Eric S. Pruitt, Shelly A. DeRouse, Sidley Austin Brown & Wood, Chicago, IL, for Plaintiff.

Vincent J. Connelly, Phillip S. Reed, Debra L. Bogo–Ernst, Sean Dailey, Mayer, Brown, Rowe & Maw, Chicago, IL, for Defendant.

Eugene Crane, Arthur Simon, Dannen, Crane, Heyman & Simon, Chicago, IL, for Trustee.

### Memorandum Opinion

BRUCE W. BLACK, Bankruptcy Judge.

Plaintiff's earlier motion for partial summary judgment was granted, and judgment was entered against three of the defendants (Braddock Management, L.P.; Bainbridge Management, L.P.; and Bainbridge Management, Inc.—collectively "the Management Companies" or "Defendants")[1] on the issue of liability under three counts of the complaint—Count I, breach of fiduciary duty; Count XI, breach of contract; and Count XII, indemnification. *See Edgewater Medical Center v. Rogan (In re Edgewater Medical Center)*, 332 B.R. 166 (Bankr.N.D.Ill.2005). Plaintiff's current motion seeks partial summary judgment regarding damages under those three counts. Plaintiff requests judgment on three types of damages: forfeiture of all compensation paid to the Management Companies, attorneys fees, and prejudgment interest. Defendants deny both that forfeiture damages are available to Plaintiff and that any damages may be awarded at all on the basis of this summary judgment motion.

The facts of this case are detailed in the earlier opinion and will not be repeated here. The contracts between the parties specify that Illinois law applies.

Plaintiff's primary position is stated in the motion: "[Plaintiff] is entitled to recover all of the compensation it paid Defendants for services performed while they used [Plaintiff] to commit Medicare fraud in willful and deliberate breach of the fiduciary duty Defendants owed to [Plaintiff]." (Pl's Mo., p. 7)

Defendants' primary position is that any fiduciary duty they owed to Plaintiff was solely the function of their contractual relationship, and therefore Plaintiff is limited to damages as measured by that contract. Only when a fiduciary relationship arises by operation of law should the more expansive measures of damages for breach of fiduciary duty, such as forfeiture and disgorgement, be considered. Defendants' position is based on their theory that the measure of damages for breach of fiduciary duty is dependant upon which type of fiduciary duty—one created by contract or one created by operation of law—was breached. Defendants also argue that Illinois' "economic loss doctrine" bars forfei-

---

1. Plaintiff filed this summary judgment motion against Braddock Management L.P. ("Braddock LP"), Bainbridge Management L.P. ("Bainbridge LP"), and Bainbridge Management Inc. ("Bainbridge Inc."). On September 28, 2005, Bainbridge LP filed a Chapter 7 proceeding in the Bankruptcy Court for Northern Indiana. Plaintiff acknowledges that the resulting automatic stay precludes its proceeding directly against Bainbridge LP at this time. Further, Defendant states that Braddock LP was dissolved by the California Secretary of State on November 1, 2004. The third defendant, Bainbridge Inc., was the general partner of Braddock LP and Bainbridge LP, and has expressly agreed to speak to Plaintiff's summary judgment motion "to the extent that [the motion] seeks relief from Braddock LP." In the earlier summary judgment on liability Bainbridge Inc. was found jointly and severally liable with the other two companies. *Edgewater Medical Center v. Rogan (In re Edgewater Medical Center)*, 332 B.R. 166, 179 (Bankr.N.D.Ill.2005). Under these circumstances, the judgment based on this motion will be entered only against Bainbridge Inc. Any further issues regarding the extent of liability of either other company may be explored at trial.

ture damages. Neither argument is convincing.

■ Defendants' first argument against forfeiture damages is really an attack on Count I of the complaint which charges breach of fiduciary duty. Defendants assert that Plaintiff's contract claim and breach of fiduciary claim are duplicative. Plaintiff counters that, because this court made a determination of liability both on Defendants' breach of contract and Defendants' breach of fiduciary duty, waiver and the "law of the case" doctrine now preclude Defendants from arguing on this summary judgment motion for damages that Plaintiff is not entitled to a remedy based on breach of fiduciary duty law. I agree with Plaintiff. The earlier grant of partial summary judgment determined liability for breach of fiduciary duty and breach of contract, as well as indemnification. I did not (and do not) believe, on these facts, there are any valid reasons to preclude these two claims from coexisting. Defendants did not then argue that the two claims could not coexist. To the extent Defendants seek to do so now, the argument is waived. *See Laborers' Int'l Union of N. Am. v. Caruso,* 197 F.3d 1195, 1197 (7th Cir.1999). Defendants' argument on the redundancy of the two causes of action is addressed now only to the extent it relates to the availability of forfeiture damages.

■ Defendants argue, "Where a breach of contract claim and a breach of fiduciary duty claim are based on the same operative facts, the claims are duplicative. In such circumstances, the law limits the plaintiff to his breach of contract claim." (Defs' Resp., pp. 11–12). The four cases Defendants cite for this proposition do not substantiate their position. In *Calderon v. Southwestern Bell Mobile Systems, LLC,* 2003 WL 22340175 (N.D.Ill.), the court dismissed a poorly drafted multicount complaint at the pleading stage. In so doing, the court noted, "Defendant argues that plaintiff fails to state a claim for breach of fiduciary duty for two reasons: (1) where a contract exists between parties establishing a principal-agent relationship, any fiduciary obligations are limited to the activities defined by the contract; and (2) the claim is duplicative of the breach of contract claim." *Id.,* at *7. Regarding the first proposition, the court stated, "the authority Defendant cites for the first proposition ... is inapposite and does not support the Defendant's argument." *Id.* (Citation omitted.) The court did dismiss the breach of fiduciary duty claim as duplicative of the contract claim, but only because the breach of fiduciary duty claim alleged nothing beyond the allegations in the breach of contract claim (which was dismissed in the same opinion for failing to state a claim that satisfied the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure.) This case does not support Defendants' argument that forfeiture damages are unavailable to Plaintiff here.

The other three cases furnish even less support for Defendants' position. In *Majumdar v. Lurie,* 274 Ill.App.3d 267, 210 Ill.Dec. 720, 653 N.E.2d 915 (1st Dist. 1995), the court did not even deal with a contract claim. The court dismissed a breach of fiduciary claim as duplicative of a legal malpractice claim. Similarly, *Kirkland & Ellis v. CMI Corp.,* 1996 WL 559951 (N.D.Ill.1996) did not include a contract claim. Again, in granting a defendant's motion to dismiss, the court found a breach of fiduciary claim duplicative of a legal malpractice claim and dismissed the breach of fiduciary claim. Finally, in *Metrick v. Chatz,* 266 Ill.App.3d 649, 203 Ill. Dec. 159, 639 N.E.2d 198 (1st Dist.1994), the court did not face a contract claim. The Illinois court applied its fact-pleading

rules and upheld the trial court's dismissal of the breach of fiduciary duty counts, which did "nothing more than mirror the allegations of their negligence counts." *Id.,* at 655, 203 Ill.Dec. 159, 639 N.E.2d 198.

In short, Defendants do not cite, and I have not found, any authority that actually supports their first argument: that breach of fiduciary duty claims based on the same operative facts as contractual agreements are duplicative of those contract claims and therefore may not support forfeiture or disgorgement remedies. None of the cases Defendants cite support their argument.[2]

Defendants also ignore precedent from the Court of Appeals for the Seventh Circuit. That court, applying Illinois law, has recognized that the two causes of action can coexist, and that damages may be awarded based upon the breach of fiduciary duty even when that duty arose pursuant to a contract. *See Masi v. Ford City Bank and Trust Co.,* 779 F.2d 397 (7th Cir.1985). Also, a district court case from this district, again applying Illinois law, has expressly held that damages for breach of fiduciary duty may be awarded when a breach of contract claim and a breach of fiduciary duty claim are based on the same operative facts. *Seerveld v. Gerstenberg & Co.,* 1986 WL 2609 (N.D.Ill. 1986).

Because Defendants have not directed me to any authority or persuasively argued their contention that contract damages trump breach of fiduciary damages when the claims arise from the same set of operative facts, I conclude that the mere fact that a fiduciary duty has its roots in an underlying contract is itself no barrier to awarding forfeiture damages based on a breach of that fiduciary duty.

■ Defendants' second argument against forfeiture damages is that the "economic loss doctrine" bars Plaintiff's request for forfeiture. In Illinois this doctrine is also known as the *Moorman* doctrine, after the Illinois Supreme Court case adopting it: *Moorman Mfg. Co. v. Nat'l Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982). Defendants argue that "because the exclusive source of all [Defendants'] duties to [Plaintiff]-including their fiduciary duties-is a contract, the economic-loss doctrine bars [Plaintiff's] request for disgorgement and equitable forfeiture." (Defs' resp., p. 12). Defendants argue that the contract expressly prohibited the Medicare fraud that is the basis of Plaintiff's claim. Thus, Defendants contend that the *Moorman* doctrine requires that the contract must govern any remedy for the claims Plaintiff now asserts.

■ In *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 159 Ill.2d 137, 159–160, 201 Ill.Dec. 71, 636 N.E.2d 503, 513 (1994), the Illinois Supreme Court articulated the rationale of the economic loss doctrine:

Contract law serves a vital commercial function by providing sellers and buyers with the ability to define the terms of their agreements with certainty prior to a transaction. Where the duty of a seller has traditionally been defined by contract, therefore, *Moorman* dictates that the theory of recovery should be limited to contract although recovery in tort would be available under traditional tort theories.

Defendants characterize the *Moorman* doctrine as limiting a plaintiff to its con-

---

**2.** The Defendants' citations to these last three cases are particularly egregious since all deal with the fiduciary duties of attorneys; and

Defendants acknowledge that forfeiture damages *are* an appropriate remedy for an attorney's breach of fiduciary duty.

tract remedy when the parties to the contract have set forth their respective duties in that contract, despite any possible recovery otherwise available through the common law. Defendants claim that under Illinois law, forfeiture is available "only where the fiduciary duty is imposed by law as a result of the special relationship of the parties. In cases where the breach involves a fiduciary duty imposed by law rather than contract (an extra-contractual duty) the court may look outside the contract for the appropriate remedy." (Defs' Resp., p. 12).

The Defendants rely, in part, on *Federal Deposit Ins. Corp. v. Miller,* 781 F.Supp. 1271 (N.D.Ill.1991), to support their characterization of Illinois law. In *Miller,* the plaintiff (the FDIC asserting the claims of an Illinois chartered bank on statutory grounds) alleged both breach of fiduciary duty and breach of contract claims against several of the bank's former corporate directors and officers. The court initially recognized that fiduciary duties of care applied to the defendants' actions as a function of Illinois law. *Id.* at 1276. The *Miller* court then analyzed *2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.,* 136 Ill.2d 302, 144 Ill.Dec. 227, 555 N.E.2d 346 (1990), an Illinois Supreme Court case that extended the *Moorman* doctrine to preclude recovery in tort for a malpractice claim against an architect. The *Miller* court then declined to extend *Moorman* to preclude a breach of fiduciary duty claim. Despite the *Miller* court's refusal to extend the *Moorman* doctrine to its breach of fiduciary action, Defendants stress language the court used in arriving at its conclusion: "the [*Moorman*] doctrine is meant to insure that claims which are grounded solely in the breach of contractual duties should be pursued in contract, rather than tort." *Miller,* at 1277. Defendants argue that the fiduciary duties they owed Plaintiff in

this case were completely provided for in the underlying contract relationship.

Defendants continue with this line of reasoning and look for support in *Choi v. Chase Manhattan Mortg. Co.,* 63 F.Supp.2d 874 (N.D.Ill.1999). In *Choi,* as in *Miller,* the court allowed a breach of fiduciary duty claim to go forward despite a *Moorman* doctrine challenge. *Id.* at 883–885. The court found that the defendants—a bank and two mortgage companies—owed the plaintiffs a fiduciary duty separate from any contractual relationship. *Id.* at 883. Here again, Defendants stress the language the court used in arriving at its conclusion. Defendants' brief (Defts' Resp., p. 15) quotes the following passage from *Choi:*

> Our review of the case law satisfies us that plaintiffs have adequately pled the existence of defendants' duty to manage the escrow account and the accompanying tax obligations with professional competence and due care. Here in Illinois it may be that Chase's alleged breach of that duty is better analyzed according to the mortgage contract, where the duty of professional competence acts as an implied term, analogous to the way the duty of good faith and fair dealing is imputed as a term of the contract.
>
> * * *
>
> Where there is no contractual relationship between those responsible for the escrow account and the depositors, however, it cannot be the case that the duty to act competently with regard to the [plaintiff's] escrowed funds evaporates merely because *Moorman* tries to funnel commercial disputes into the UCC box.

*Choi* at 885. Defendants argue that these quoted passages support the conclusion

that, although Plaintiffs "*could* prove an extra-contractual fiduciary duty, ... the court suggested strongly—while reserving judgment—that plaintiffs' claim against Chase might be limited to the contract." (Defts's Resp. p. 16, emphases in original).

Based on *Miller* and *Choi* Defendants argue I must deny Plaintiff damages based on breach of fiduciary law, and instead must limit the measure of damages to those based on contract law. I decline to do so. Defendants' arguments do not describe what the state of Illinois law in this area is, but rather what they wish it to be. Although this is a perfectly acceptable argument, I conclude that Defendants' desired rule should not be adopted and would not make good law.

■ For its part, Plaintiff argues that Defendants miss the point of the *Moorman* doctrine entirely. Plaintiff notes that throughout their argument Defendants refer to the breach of fiduciary duty cause of action as one sounding in tort. Plaintiff asserts that Illinois law construes breach of fiduciary duty not as a function of tort law, but rather as a unique area of the law. Plaintiff appears to be correct that Illinois does not consider breach of fiduciary duty to be a tort. See *Kinzer v. Chicago*, 128 Ill.2d 437, 445, 132 Ill.Dec. 410, 539 N.E.2d 1216, 1220 (1989) ("This court has not accepted the Restatement (Second) of Torts view [recognizing breach of fiduciary duty as a tort] but has regarded breach of fiduciary duty as controlled by the substantive laws of agency, contract ... and equity.") (citations omitted). Plaintiff then argues that Illinois applies the economic loss doctrine exclusively to tort claims and not to breach of fiduciary duty claims. I agree with this argument, and other federal courts have, too. *See Aaron Transfer & Storage v. Bekins Van Lines*, 2002 WL 31509775, at *2 (N.D.Ill.2002), citing *St. Paul Fire & Marine Ins. Co. v. Great*

*Lakes Turnings, Ltd.*, 774 F.Supp. 485, 488 (N.D.Ill.1991) (fiduciary duty claims not barred by *Moorman* doctrine), and *Illinois Constr. Corp. v. Morency & Assocs., Inc.*, 802 F.Supp. 185, 188 (N.D.Ill. 1992) (*Moorman* doctrine inapplicable to claims based on agency and contract theory).

Both *Miller* and *Choi* contain dicta that could be construed to support Defendants' position. Neither case, however, actually concludes that only contract damages may be awarded where a breach of fiduciary duty claim arises pursuant to a contract. Indeed, Defendants do not quote from that part of the opinion in *Choi* dealing with the "Motion to Reconsider." 63 F.Supp.2d at 888–891. While Defendants assert the original opinion "suggested strongly" that the *Choi* plaintiffs' claim would be limited to contract damages, the same court refused to do so when presented with such an opportunity on a motion to reconsider. In that opinion, the *Choi* court observed that the "the subset of tort claims preempted by the economic loss doctrine in Illinois is not particularly clear at the moment," *id.* at 889, and further noted that the exceptions presented "complicated policy considerations." *Id.* at 890.

■ Both *Miller* and *Choi* refer to the *Moorman* doctrine's application to tort claims. Although both cases discuss Illinois breach of fiduciary claims, both do so as though they were tort claims. *Choi*, 63 F.Supp.2d, at 884 ("unless the [plaintiffs] can fit into one of the exceptions to the doctrine they will be barred from recovering any economic losses in tort"); and *Miller*, 781 F.Supp. at 1277 ("the doctrine is meant to insure that claims which are grounded solely in the breach of contractual duties should be pursued in contract, rather than tort"). Neither holding in these two cases relied on the distinction, and both cases proceeded past motions to

dismiss. As noted earlier, Illinois does not recognize breach of fiduciary as a tort. A federal court applying state law must determine how the appropriate state supreme court would decide the issue if presented before it. *Ross v. Creighton Univ.,* 957 F.2d 410, 413 (7th Cir.1992). It is not for the federal courts to expand *Moorman's* reach. *Serfecz v. Jewel Food Stores,* 1998 WL 142427, at *3 (N.D.Ill. 1998); *In re Continental Illinois Sec. Litig.,* 603 F.Supp. 773, 774 & n. 2 (N.D.Ill. 1985).

█ Numerous cases proclaim the many and varied sources of fiduciary duties in Illinois. *See, e.g., Mayrand v. Mayrand,* 194 Ill. 45, 61 N.E. 1040 (1901); *Staude v. Heinlein,* 414 Ill. 11, 110 N.E.2d 228 (1953); *Herbolsheimer v. Herbolsheimer,* 60 Ill.2d 574, 328 N.E.2d 529 (1975). Moreover, Illinois courts have refused to set definite and precise boundaries within which a fiduciary relationship may be found to arise. *See Illinois Rockford Corp. v. Kulp,* 41 Ill.2d 215, 242 N.E.2d 228 (1968). But courts have expressly found that in Illinois a fiduciary duty can be established pursuant to contract. *Masi v. Ford City Bank & Trust Co.,* 779 F.2d 397, 400 (7th Cir.1985); *Allabastro v. Cummins,* 90 Ill.App.3d 394, 45 Ill.Dec. 753, 413 N.E.2d 86 (1st Dist.1980). Where fiduciary relationships arise as a result of a contract, Illinois law permits damages calculated based on a breach of that fiduciary duty. *Seerveld v. Gerstenberg & Co.,* 1986 WL 2609, at *2 (N.D.Ill. 1986).

Plaintiff in this case seeks forfeiture damages for Defendants' liability that has already been adjudicated on their breach of fiduciary duty. It is of no consequence that the fiduciary duty Defendants owed Plaintiff arose out of a contract, or that the contract expressly contemplated and prohibited the scenario that eventually resulted in breach. The contracts indeed did delineate the relationship of the parties, and Defendants expressly assumed a fiduciary duty to Plaintiff in the management contracts. The assumption of that fiduciary duty exposed Defendants to the remedies Illinois prescribes for its breach. I conclude that Defendants' argument—that the *Moorman* doctrine allows only contract damages to be awarded for the breach of a fiduciary duty where that fiduciary duty arises pursuant to contract—fails as a matter of law.

█ Plaintiff also asserts that Defendants owed Plaintiff a fiduciary duty independent of the management contracts, that such a duty existed as a matter of law. Plaintiff argues that the management agreements simply enshrined in writing a relationship that already existed between the parties as a function of their relationship. Because I find that the question of the source of a fiduciary duty is irrelevant to the calculation of damages for its breach, this issue need not be decided.

Having determined that forfeiture damages may be available under the law, I now turn to whether forfeiture is appropriate on the facts of this case.

Plaintiff initially argues that Illinois law requires complete forfeiture because I have already determined that Defendants' breach was willful and deliberate. In support, Plaintiff cites *Dowd & Dowd, Ltd. v. Gleason,* 352 Ill.App.3d 365, 287 Ill.Dec. 787, 816 N.E.2d 754 (1st Dist.2004), but that case holds that Illinois law permits, rather than requires, complete forfeiture of all compensation received by a defendant during the course of the breach of fiduciary duty. *Id.* at 385, 287 Ill.Dec. 787, 816 N.E.2d 754 ("Illinois law permits a complete forfeiture of any salary paid by a corporation to its fiduciary during a time when the fiduciary was breaching his duty to the corporation"). Other cases have

also held that Illinois law permits, but does not require, complete forfeiture. *See, e.g., In re Marriage of Pagano,* 154 Ill.2d 174, 188–191, 180 Ill.Dec. 729, 607 N.E.2d 1242, 1249–50 (1992) ("when one breaches a fiduciary duty to a principal the appropriate remedy is within the equitable discretion of the court."); *Levy v. Markal Sales Corp.,* 268 Ill.App.3d 355, 372–373, 205 Ill. Dec. 599, 643 N.E.2d 1206, 1219 (1st Dist. 1994).

■ A recent decision from the Northern District of Illinois, applying Illinois law, held "courts have equitable discretion to fashion the appropriate remedy for a breach of fiduciary duty." *United States v. Cancer Treatment Centers of America,* 2005 WL 300414, *1 (N.D.Ill.). The court additionally noted that complete forfeiture may be necessary in the most severe situations, but it is not always required because it could often be a drastic remedy for a minor breach. *Id.* I conclude that Illinois law permits, but does not require, me to order total forfeiture of all compensation Defendants were paid during the period they were in breach of their fiduciary duty to Plaintiff.

Defendants argue that "forfeiture is an equitable remedy, and this Court has no factual basis upon which to assess the 'equity'—the fundamental fairness and justice—of the complete forfeiture sought by [Plaintiff]." (Def's Resp. at 18). In making this argument, Defendants claim, without any citation to authority, that I must consider the economic harm suffered by Plaintiff. This argument ignores Illinois law on the subject. *See ABC Trans Nat'l Transport, Inc. v. Aeronautics Forwarders, Inc.,* 90 Ill.App.3d 817, 836–838, 46 Ill.Dec. 186, 413 N.E.2d 1299, 1314–1315 (1st Dist.1980) ("Under the law of this State it has long been recognized that an agent is entitled to compensation only on a due and faithful performance of all his

duties to his principal. In applying this rule it makes no difference whether the result of the agent's conduct is injurious to the principal or not, as the misconduct of the agent affects the contract from considerations of public policy rather than of injury to the principal. More recently, the Illinois Supreme Court [citing *Vendo Co. v. Stoner,* 58 Ill.2d 289, 321 N.E.2d 1 (1974)] reaffirmed the appropriateness of salary forfeiture as an element of damages that is distinct from lost profits.") (Internal quotations omitted).

■ Defendants additionally argue, again without citation to authority, that the line of cases supporting complete forfeiture of a breaching fiduciary's compensation applies only to employees breaching fiduciary duties to their employers. Plaintiff points out that by the plain terms of the doctrine, any agent that breaches its fiduciary duty to its principal is within the rule of these cases. *See Sobel v. Franks,* 261 Ill.App.3d 670, 199 Ill.Dec. 24, 633 N.E.2d 820 (1st Dist.1994); and *R.K. Ray Sales, Inc. v. Genova, Inc.,* 133 Ill.App.3d 98, 88 Ill.Dec. 301, 478 N.E.2d 616. (4th Dist.1985). I agree that Illinois law makes all agents—not just employees—in breach of their fiduciary duties subject to complete forfeiture of any compensation during the term of the breach.

■ In this case, Defendants' guilty pleas in district court establish the ongoing nature of their breach. The guilty pleas also establish the willful and deliberate nature of the breach. It is beyond reasonable dispute that the breach was egregious—demonstrated by, among other things, the fact that the breach involved violations of federal statutes. Indeed, it is hard to imagine a more severe breach of a fiduciary duty than this. Accordingly, in the exercise of my discretion, I conclude that complete forfeiture of all compensation Defendants received during the period

of breach is warranted based on Defendants' ongoing and severe breach of fiduciary duty.

The next question is the actual amount of forfeiture.

It has already been established that Defendants' breach of fiduciary duty to Plaintiff began prior to 1995 and continued at least through 2000. (332 B.R. at 171). Defendants admit in their "Statement of Additional Facts" that the Management Companies received $11,600,530.83 in "Monthly Fixed Fees" and "Annual Percentage Fees" for the period beginning in 1995 through 2000. (Def's SOF2, ¶¶ 12 & 13). Forfeiture of this compensation in the amount, $11,600,530.83, is **ORDERED**, and a separate judgment will be entered for that amount.

(Plaintiff seeks forfeiture of $11,793,468.63 pursuant to these two types of fees. Plaintiff ascribes the difference of $192,937.80 to a "computation error" by Defendants. Whatever the reason, in the absence of an agreement, forfeiture of this contested portion is not appropriate on a motion for summary judgment, and the issue may be addressed at trial.)

Plaintiff also seeks forfeiture of what it terms "compensation" paid to Defendants pursuant to a portion of the management agreements termed "Administrative Manager Reimbursement." Plaintiff seeks $9,198,536.91 pursuant to this provision of the management agreements. Defendants deny that this was "compensation" at all, but rather "pass-through expenditures" constituting reimbursements from Plaintiff to Defendants. The parties agree that the "Administrative Managers" were to be employees of and compensated by the Management Companies, and Defendants point to that portion of the management agreement characterizing the pay of these managers as "Costs of Operations." The parties dispute the meaning of this contract

provision, and it is not appropriate for decision on a motion for summary judgment. Therefore, summary judgment on the issue of forfeiture of the "Administrative Manager Reimbursement" is **DENIED**. (At trial, the parties should clarify the scope of the authority the respective parties had over these "Administrative Managers" and any facts pertinent to whether the payments made to Defendants pursuant to this provision of the contract constituted "compensation.")

Additionally, Plaintiff seeks forfeiture of $1,488,837.98 in payments for "Exclusive Corporate Services." Defendants agree that this was the correct amount paid pursuant to this portion of the management contracts. Defendants admit that this sum was "compensation" paid by Plaintiff during the period of breach. (Def's SOF2, ¶ 17). Defendants further admit that the management contracts required Plaintiff to pay this sum. (Def's Resp., p 22). Defendants' sole argument against forfeiture of this compensation is that the services provided for this compensation were not associated with the conduct that constituted breach of their fiduciary duty. Defendants do not cite any authority to support this argument, but they point to the fact that the "Exclusive Corporate Services" were defined and compensated separately pursuant to the management contracts. I do not believe that Illinois law draws the distinction Defendants are urging, and I reiterate that forfeiture of all compensation for the period of breach is indeed warranted in this case, not simply forfeiture of all compensation Defendants received that was associated with the wrongful conduct constituting the breach. Therefore, the forfeiture of $1,488,837.98 in payments for "Exclusive Corporate Services" is **ORDERED**, and a separate judgment will be entered for this amount.

▉ As a distinct and independent theory of recovery, Plaintiff also seeks damages pursuant to the indemnification provision in the management agreements. Here again, Plaintiff seeks to recover all compensation paid to Defendants during the period of breach. Defendants concede that they have been found to have breached the management agreements, and they are thus subject to the indemnification provisions in them. The parties disagree as to the proper interpretation of those provisions.

Plaintiff points to that portion of the indemnification agreement that provides for recovery of "any and all losses, claims, liens, encumbrancers, charges, obligations, damages, liabilities, costs and expenses whatsoever." (Pl's Reply, p. 25). Plaintiff argues that had it been aware of Defendants' breach, it never would have continued under the management agreements. Plaintiff argues that the very fact that it continued to perform under the management contracts while Defendants were engaged in wrongful behavior was itself a "liability, cost or expense" within the plain language of this indemnification provision. But for Defendants' concealment of their conduct in breach of the management agreements, Plaintiffs would not have continued to compensate Defendants for their performance under those agreements. Thus, the argument goes, the compensation paid pursuant to the management contracts while Defendants were in breach must be reimbursed pursuant to the indemnification clause.

Clearly, the indemnification provision is expansive in its inclusion of all manner of expenses and liabilities from which Defendants agreed to indemnify Plaintiff. The language Plaintiff cites, however, is not so clear as to require—on summary judgment—reimbursement of all expenditures caused by Defendants' breach. Plaintiff

does not point to a liquidated damages clause providing such a remedy upon breach, and it is not clear from the plain meaning of the indemnification clause that the parties understood the construction that Plaintiff now urges. Accordingly, Plaintiff's motion for summary judgment pertaining to the indemnification provision is **DENIED**.

Plaintiff's claims for attorneys' fees and prejudgment interest are also pursuant to the indemnification count. Because summary judgment is not granted on that count, attorney fees and interest are denied at this time. (Both are appropriate issues for trial.)

## CONCLUSION

Plaintiff's motion for partial summary judgment on damages is **GRANTED** in part and **DENIED** in part.

Forfeiture of both "Monthly Fixed Fees" and "Annual Percentage Fees" for the period beginning in 1995 through 2000, in the amount of $11,600,530.83, is **ORDERED**. Plaintiff may seek any discrepancy between this amount and the amount it sought in this summary judgment at trial.

Plaintiff's motion for summary judgment on the issue of forfeiture of the "Administrative Manager Reimbursement" is **DENIED**.

Forfeiture of $1,488,837.98 in compensation for "Exclusive Corporate Services" for the period beginning in 1995 through 2000 is **ORDERED**.

The Plaintiff's motion for summary judgment pertaining to the indemnification provision is **DENIED**.

This Memorandum Opinion will serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. A separate judgment will

be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.