2020 IL App (1st) 200076

FIRST DISTRICT
SIXTH DIVISION
November 20, 2020

No. 1-20-0076

| | | |
|---|---|---|
| MARK CRAWFORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| STACEY HAYEN, ROSENTHAL LAW GROUP, | ) | No. 2017 L 011688 |
| LLC, and HUDSON PARKER REALTY GROUP, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | Honorables |
| (Rosenthal Law Group, LLC | ) | Brigid M. McGrath and |
| | ) | Michael F. Otto, |
| Defendant-Appellee.) | ) | Judges Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Griffin concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff, Mark Crawford, appeals the order of the circuit court dismissing Count VI of his third-amended complaint, which alleged legal malpractice against defendant, Rosenthal Law Group, LLC. On appeal, plaintiff contends that the court erred in its determination where plaintiff sufficiently pleaded the elements of a legal malpractice claim and properly pleaded Count VI in the alternative. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                    I. JURISDICTION

¶ 3      The trial court dismissed count VI of plaintiff's complaint and included in its order that

"[p]er Rule 304(a), the court finds no just reason for delaying appeal of this ruling." Accordingly,

this court has jurisdiction pursuant to Rule 304(a) (eff. Mar. 8, 2016), which allows for appeals

from judgments as to fewer than all parties or claims.

¶ 4                                    II. BACKGROUND

¶ 5      The following facts are taken from plaintiff's third-amended complaint and the attached

documents. Plaintiff, a first-time home buyer, contracted to purchase a condominium commonly

known as 111 S. Morgan Street, Unit 810, in Chicago, Illinois. Plaintiff retained Harley Rosenthal,

an attorney at defendant Rosenthal Law Group, LLC, to represent him in the transaction. Prior to

the closing, Rosenthal requested a disclosure statement from the seller, Stacey Hayen, pursuant to

section 22.1 of the Condominium Property Act (765 ILCS 605/22.1 (West 2016)). Relevant to this

appeal, Hayen stated in the disclosure:

> "The Association currently anticipates performing work on the common elements of
>
> the property in stages to address widespread water infiltration issues. The proposed work
>
> is described as faade [*sic*] work that may encompass the brick, drain pans and flashing
>
> surrounding some sliding glass doors as well as parapet and coping stone repairs in various
>
> areas, roofing repairs and the installation of balcony membranes on all unit balconies. The
>
> Association does not currently know when the work will be performed, the cost of the work
>
> or the source of the funding. However, the potential sources of the funding include:
>
> increased regular assessments, a special assessment, a loan or a combination of the
>
> foregoing."

¶ 6    The day after receiving the disclosure statement, Rosenthal requested the Association Board's meeting minutes for the prior year, "including any additional information relative to the water infiltration issues." Hayen provided minutes from the June 29, 2016, annual meeting, the August 26, 2016, meeting, and the September 21, 2016, meeting. Hayen stated, "All available information from the association has been provided." Only one set of the minutes referred to water intrusion issues. Plaintiff hired Chicago Inspection Agency to inspect the condominium. The inspection report stated that the exterior windows have "cracking caulking" and is a "[p]otential moisture intrusion point."

¶ 7    In a November 2, 2016, letter, Rosenthal asked Hayen for information on "all past instances of water intrusion or water leakage (either inside or outside) at the Property, including the nature of the occurrence and how it was resolved, since the Seller's ownership thereof or in the last five (5) years, whichever is greater." Hayen responded, "There was a small water leak in the second bedroom last year [i.e. in 2015] and the water damaged a small section of the floor boards, which were [*sic*] replaced. The exterior wall *** has been fixed temporarily and will be repaired by the association."

¶ 8    Plaintiff closed on his purchase on December 20, 2016. After the closing, the Association imposed a special assessment of $17,232.90 that plaintiff must pay. Plaintiff must also pay $1,035.36 for balcony repairs due to water infiltration issues. Approximately one year after closing, the hardwood floors in plaintiff's condominium warped and repair/replacement will cost at least $7,326.16. Mold was also found in the condominium, with removal estimated to cost at least $3,490.

¶ 9     As the owner of the condominium, plaintiff had access to the association's owner's portal. There, he found additional meeting minutes relating to water infiltration issues that Hayen did not tender when he requested the information prior to closing. Plaintiff also discovered that Hayen did not inform him of another water infiltration incident in April of 2016, which occurred at the floor of the condominium near the patio door.

¶ 10     Plaintiff filed a complaint against defendants, which was amended three times. Plaintiff's third-amended complaint contained the following counts: Count I- Violation of the Residential Real Property Disclosure Act (RRPDA) (765 ILCS 77/1 (West 2016)) against Hayen; Count II- Negligent Misrepresentation against Hayen; Count IV- Violation of the Real Estate License Act of 2000 (225 ILCS 454/1 (West 2016)) against Hayen's agent, Hudson Parker Realty Group, LLC,; and Count VI- Legal Malpractice against Rosenthal, which was pleaded in the alternative.

¶ 11     In his third-amended complaint, plaintiff alleged that although he requested a year's worth of meeting minutes from Hayen prior to closing, she only provided three sets of minutes and did not include minutes "that provided further information on the water infiltration issues." He alleged that Hayen "purposely chose not to" provide more information even though she could have done so. Hayen also did not disclose the water infiltration incident that occurred in April of 2016. The complaint alleged that Hayen "purposely hid from [plaintiff] the true nature, scope, and estimated cost of repairs for the water infiltration issues to the building in general" and "to the condominium itself." In Count II, the complaint alleged that Hayen negligently and carelessly breached her duty to provide complete and accurate information to plaintiff. There were "at least another twenty sets of board meeting minutes that referenced, mentioned, or discussed, in varying degrees, the water infiltration issue in general and how it had affected specific units."

¶ 12    Plaintiff alleged that "[a]s a direct and proximate result of HAYEN'S violation of the RRPDA, [plaintiff] suffered damages in the form of a special assessment that he will have to pay, the cost of balcony repairs to the condominium, the cost of repairs to fix the hardwood floors in the condominium, and the cost of mold removal in the condominium." Plaintiff alleged that if he "had complete knowledge of the extent of the water infiltration issues" to the building and condominium, he would have "required a deposit of funds into an escrow to pay for the special assessment and other defects (as many of the other owners told him their attorneys made sure to do for them), if not canceled the sale altogether."

¶ 13    Count VI, alleging legal malpractice against Rosenthal in the alternative, incorporated the previous paragraphs of the complaint "as though fully set forth herein." Count VI alleged that Rosenthal breached his "duty to adequately investigate and secure all available information about patent or latent defects of the condominium prior to closing." Plaintiff also alleged that Rosenthal failed "to properly advise [him] of the ramifications and options associated with the contents of the 22.1 disclosure statement," and if plaintiff had proper advice, he "would have at least established an escrow account with funds earmarked for the damages caused by said issues, *** if not canceled the sale altogether."

¶ 14    As damages, plaintiff sought "the amount of at least $31,321.92, plus reasonable attorney's fees and costs."

¶ 15    Rosenthal filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)). The trial court granted the motion with prejudice, finding that "[w]e're on the third amended complaint." The court found that the complaint alleged negligence against Rosenthal in "failing to obtain all the additional board meeting minutes ***,

failing to follow up with the seller, but at the same time you're incorporating allegations that the seller intentionally withheld all this information. That defeats any causation." The court further stated that "in looking at the four corners of the complaint – and pleading in the alternative, it sounds like, well, in case we lose against the seller, we're going against – I just don't think that's appropriate to a legal malpractice case." The trial court included a Rule 304(a) finding that there is no just reason for delaying appeal of its judgment, and plaintiff filed this appeal.

¶ 16                                    III. ANALYSIS

¶ 17     Plaintiff first contends that Rosenthal Law Group, LLC and Rosenthal (collectively "Rosenthal") waived the right to object to Count VI of the complaint because they filed an answer to the first and second-amended complaints, and did not challenge the sufficiency of the allegations therein. As support, plaintiff cites *Arora v. Chui*, 279 Ill. App. 3d 321, 325 (1996). *Arora*, however, states only the general rule that "where 'a complaint substantially although imperfectly alleges a cause of action, the defendant waives any defect by answering it without objection.'" *Id.* quoting *Burks Drywall, Inc. v. Washington Bank & Trust Co.*, 110 Ill. App. 3d 569, 572 (1982). Neither of these cases involved a party's answers to prior amended complaints that had been dismissed, as we have here. As this court found in *Precision Extrusions, Inc. v. Stewart*, 36 Ill. App. 2d 30, 50 (1962):

> "[a]n amendment, complete in itself, which does not refer to or adopt the prior pleading, ordinarily supercedes it and the prior pleading ceases to be a part of the record for most purposes, being in effect abandoned or withdrawn. [Citations omitted.] The same rule applies to an answer to an amended and abandoned complaint."

See also *Saunders v. Michigan Avenue National Bank*, 278 Ill. App. 3d 307, 311 (1996). Plaintiff's third amended complaint does not refer to or adopt his prior pleadings. Therefore, we find that Rosenthal did not waive his right to challenge the sufficiency of the pleadings in the third-amended complaint, merely because he answered the previous complaints.

¶ 18    Plaintiff next contends that dismissal of his complaint pursuant to section 2-615 was improper because he sufficiently pleaded the elements of his legal malpractice claim. "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). In reviewing the trial court's dismissal, we accept as true all well-pleaded facts and all reasonable inferences drawn from those facts. *Id.* Dismissal pursuant to section 2-615 is not appropriate unless it is clear that no set of facts can be proved that would entitle plaintiff to recover. *Id.* Furthermore, the allegations in the complaint are construed in the light most favorable to the plaintiff. *Id.* We review the trial court's grant of a section 2-615 motion to dismiss *de novo*. *Wakulich v. Mraz*, 203 Ill. 2d 94, 96-97 (2003).

¶ 19    To prevail in his legal malpractice claim, plaintiff must plead and prove "(1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorney's malpractice, plaintiff would have prevailed in the underlying action; and (4) actual damages." *Preferred Personnel Services, Inc. v. Meltzer, Purtill and Stelle, LLC*, 387 Ill. App. 3d 933, 939 (2009). There is no question that plaintiff had an attorney-client relationship with Rosenthal.

¶ 20    Regarding breach of duty, plaintiff alleged in Count VI that Rosenthal failed "to adequately investigate and secure all available information about patent or latent defects of the condominium prior to closing," including the additional board meeting minutes. Plaintiff alleged that if he had

additional information regarding the water infiltration issues, and the approximate costs of the special assessment, "[he] would have at least established an escrow account with funds earmarked for the damages caused by said issues, *** if not canceled the sale altogether."

¶ 21    While it is true that plaintiff pleaded Count VI in the alternative, plaintiff "repeat[ed] and re-allege[d]" the prior paragraphs "as though fully set forth herein." In those prior paragraphs, plaintiff alleged that Hayen engaged in at least negligent misrepresentation when she failed to disclose the additional meeting minutes. After providing the minutes for three association meetings, Hayen told Rosenthal that "[a]ll available information from the association has been provided." Hayen also did not disclose the extent of water and mold damage she experienced in the past year. Plaintiff alleged that these omissions constituted a false statement of material fact which was "meant to induce [plaintiff] to close the transaction and buy the condominium."

¶ 22    Plaintiff further alleged that he "justifiably relied on the truth of [Hayen's] disclosures." Therefore, taking plaintiff's well-pleaded allegations as true, plaintiff reasonably relied on Hayen's false statements throughout the transaction. By pleading that he reasonably relied on Hayen's misrepresentations, plaintiff also implied that the additional information could not have been discovered through the exercise of ordinary care. See *Tirapelli v. Advanced Equities, Inc.*, 351 Ill. App. 3d 450, 456 (2004) ("In determining whether a party's reliance was reasonable, the court must consider all of the facts that the party knew, as well as those facts the party could have discovered through the exercise of ordinary prudence"). Plaintiff's allegation that additional information regarding the water infiltration issues could not have been discovered with ordinary prudence contradicts his allegation in Count VI that his attorney should have been able to obtain

this information. As such, Count VI does not sufficiently plead a breach of duty by Rosenthal regarding his failure to discover the additional information.

¶ 23     Our analysis does not end there, however. Count VI of plaintiff's third-amended complaint also alleged that Rosenthal failed "to properly advise [him] of the ramifications and options associated with the contents of the 22.1 disclosure statement." This court has found that an attorney has a duty "to inform a client of the available options for alternative legal solutions, as well as to explain the foreseeable risks and benefits of each." *Metrick v. Chatz*, 266 Ill. App. 3d 649, 653 (1994). An attorney's liability in breaching this duty "is not predicated upon the impropriety of the chosen course of action, but rather upon the failure to inform the client sufficiently to enable him or her to voluntarily accept the risk attendant thereto." *Id.* at 653-54. Count VI alleged that Rosenthal failed to "counsel[ ] him on the potential legal and financial ramifications of the contents of the 22.1 disclosure," and failed to advise him or obtain on his behalf "a sum of money in escrow to address the water infiltration issues." Viewed in the light most favorable to plaintiff, these allegations sufficiently plead Rosenthal's breach of his duty to advise.

¶ 24     Rosenthal argues that plaintiff did not sufficiently plead breach of this duty where "the reasonable inference from the pleading is that [plaintiff] *** did not wish to cancel the purchase." Rosenthal notes that the complaint did not allege that plaintiff asked about the consequences of buying a condominium with "widespread water infiltration issues," or that he did not understand the meaning of "widespread water infiltration issues," or that he was concerned about the disclosures made by Hayen. Plaintiff even hired an independent inspector whose report indicated potential water infiltration issues. Rosenthal argues that plaintiff was not the uninformed home

buyer he portrayed in his complaint. Instead, plaintiff "was involved, knowledgeable and participated in the purchase process."

¶ 25    Plaintiff never disputed that he had knowledge about the water infiltration issues based on information disclosed by Hayen. Plaintiff alleged, however, that Rosenthal failed to properly advise him on a prudent course of action, given this information. In a failure to advise claim, an attorney's liability for failing to advise "is predicated upon the client's exposure to a risk that the client did not knowingly and voluntarily assume." *Metrick*, 266 Ill. App. 3d at 654-55. While the issues raised by Rosenthal may help a factfinder to determine whether plaintiff has proved Rosenthal's breach of duty, at this stage we are concerned only with the sufficiency of the pleadings. See *Id.* at 655 (stating that whether an attorney breached his duty to advise "is a question of fact for the trier of fact to decide").

¶ 26    Rosenthal also argues that plaintiff has not sufficiently pleaded proximate cause where Count VI alleged, by incorporation of prior paragraphs of the third-amended complaint, that Hayen's misconduct directly caused plaintiff's damages. The complaint alleged that if not for Hayen's misconduct, plaintiff would have "at least established an escrow account with funds earmarked for the damages caused by said issues, *** if not canceled the sale altogether." However, plaintiff's allegation that he would have acted differently if Hayen had given him all of the information does not negate or contradict his allegation that he would have also acted differently had Rosenthal properly advised him "of the ramifications and options associated with the contents of the 22.1 disclosure statement." There can be more than one proximate cause of plaintiff's injury, and if Rosenthal was negligent in advising plaintiff, he "cannot avoid liability

simply because another person was also guilty of negligence contributing to the same injury." *Garest v. Booth*, 2014 IL App (1st) 121845, ¶ 41.

¶ 27 Viewing the allegations in the light most favorable to plaintiff, we find that Count VI sufficiently pleaded a breach of duty and proximate cause based on Rosenthal's alleged failure to properly advise plaintiff regarding the disclosure statement and known water infiltration issues.

¶ 28 Finally, in a legal malpractice action actual damages are never presumed and plaintiff must plead that he has sustained a monetary loss as a result of his attorney's negligence. *Northern Illinois Emergency Physicians c. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 306-07 (2005). As damages, plaintiff sought "the amount of at least $31,321.92, plus reasonable attorney's fees and costs." This figure is the sum of a special assessment of $17,232.90 that plaintiff must pay, $1,035.36 for balcony repairs due to water infiltration issues, $7,326.16, to repair hardwood floors in plaintiff's condominium, and $3,490 for mold removal. Plaintiff alleged that had Rosenthal properly advised him of the financial ramifications of the condominium's water infiltration issues, he would have requested the establishment of an escrow fund to cover these payments, or canceled the purchase altogether. We find that plaintiff has sufficiently pleaded actual damages proximately caused by Rosenthal's failure to properly advise him in his condominium purchase.

¶ 29 While we agree that Count VI did not sufficiently plead that Rosenthal failed "to adequately investigate and secure all available information about" the water infiltration issue prior to closing, Count VI did sufficiently plead that Rosenthal failed to properly advise plaintiff about the potential consequences of the condominium's water infiltration issues. Dismissal pursuant to section 2-615 is not appropriate unless it is clear that no set of facts can be proved that would

entitle plaintiff to recover. *Marshall*, 222 Ill. 2d at 429. Therefore, dismissal of Count VI pursuant to section 2-615 was improper.

¶ 30                                  IV. CONCLUSION

¶ 31    For the foregoing reasons, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 32    Reversed and remanded.

**No. 1-20-0076**

| | |
|---|---|
| **Cite as:** | *Crawford v. Hayen, et al.*, 2020 IL App (1st) 200076 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2017-L-011688; the Hon. Brigid M. McGrath and the Hon. Michael F. Otto, Judges, presiding. |
| **Attorneys for Appellant:** | Pasha Vaziri, of Vaziri Law LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Marc D. Sherman, of Marc D. Sherman & Colleagues, P.C., of Lincolnwood, IL, for appellee. |